## Commonwealth v. Wolfe

Before Laird, P. J., McWherter, O'Connell and Bauer, JJ.

*A. Frank Steiner*, for Commonwealth.

*Kunkle & Trescher*, for defendant.

BAUER, J., July 18, 1952.—This matter came before the court en banc on the Commonwealth's motion for

judgment on the pleadings. The action is one to revive by scire facias a judgment entered on a surety bond; defendant in the action is the maker of the bond.

Counsel for defendant at the time of the argument before the court en banc stressed the point that the Commonwealth settled the principal claim and, therefore, discharged the surety.

Defendant in the year 1939 made application for mother's assistance; in connection with her application she executed the usual and customary form of a surety bond with confession of judgment clause which guaranteed the repayment to the Commonwealth of any sums for which she might be *"legally responsible under the support laws of Pennsylvania."* The Commonwealth entered the reimbursement agreement and surety bond at May term, 1940, no. 623; the first amicable revival was filed June 25, 1945, at August term, 1945, no. 366, and the scire facias to revive was issued on December 11, 1950, at February term, 1951, no. 149. Meantime, on October 28, 1949, the Commonwealth filed a suit at November term, 1949, no. 394, against Gomer Raynor Wolfe and Mary Elizabeth Wolfe, alias dictus Mary Wolfe Baughman, to establish their supposed liability for mother's assistance which had been granted to their children. Both of these parties filed their answers asserting that they were not of sufficient ability to support the children at the time the relief was granted, and, therefore, were under no obligation to repay; on this complaint in assumpsit against the parties the Commonwealth attached and made a part of its pleadings exhibit A, which included the costs of recording the note, or the surety bond, together with the revival of the same.

The Commonwealth filed a motion for judgment on the pleadings, and the writer of this opinion, under the authority in Commonwealth v. Hornacek, 347 Pa. 596, held that the affidavits of defense were sufficient

and that unless the Commonwealth established that Mary Wolfe or Gomer Raynor Wolfe were of sufficient ability at the time the relief was granted, defendants were not obligated to repay the money that had been given as mother's assistance, and ordered the case to be placed on the November term, 1950, trial list. After this decision was handed down the case was placed on the trial list for the November term of court, 1950, and then on October 2, 1950, counsel for the Commonwealth marked the record in the action on the principal claim "settled, discontinued and ended."

The legal proposition that a settlement and compromise of the principal discharges the surety is too well established to need any citation. The Commonwealth in its argument and brief takes the position that all defenses other than payment, discharge and nonexistence of a judgment must be raised by the filing of a petition to open judgment rather than an answer to the writ of scire facias. With this we are in accord.

It is true that Mary Wolfe had no defense to the judgment entered at May term, 1940, no. 623, and amicably revived at August term, 1945, no. 366, until it was subsequently established in the proceedings at November term, 1949, no. 394, that she had no legal obligation to repay the sums so advanced for her children unless a jury would decide otherwise. However, counsel for the Commonwealth, and with the consent of the Commonwealth, settled, discontinued and ended the action against her on the principal obligation on October 2, 1950.

It is well to note that as appears from the record, the Commonwealth's action on the principal claim, at November term, 1949, no. 394, was discontinued and ended on October 2, 1950, and the scire facias to revive at February term, 1951, no. 149, was issued on December 11, 1950, being after the settlement set

80

forth on the record. It is clear that the defense raised in this case did arise subsequent to the entering of the judgment and subsequent to the last previous revival. It is a matter of record that this present judgment was given only to enable the Commonwealth to get a lien and to secure repayment of any relief money which Mrs. Wolfe was *legally obligated to repay*. When the Commonwealth brought its suit at November term, 1949, no. 394, for $2219.32, the amount of mother's assistance alleged to have been advanced, it was then for the first time asserting its principal claim. When the Commonwealth failed to obtain a judgment on the pleadings it then must have recognized that it had no proof that Mrs. Wolfe was of sufficient ability to pay, and therefore marked the action "settled, discontinued and ended" after the case was on the trial list. This settlement and discontinuance was entered October 2, 1950, subsequent to the amicable revival at August term, 1945, no. 366, on June 25, 1945, and prior to the scire facias on the judgment as security at February term, 1951, no. 149, issued December 11, 1950, and is, therefore, a defense which arose subsequent to the prior scire facias.

The record clearly shows that the claim in assumpsit at November term, 1949, no. 394, is the same claim that is represented by the judgment entered at May term, 1940, no. 623, amicably revived June 25, 1945, at August term, 1945, no. 366, upon which judgment this scire facias at February term, 1951, no. 149, issued on December 11, 1950. While the action of the Commonwealth in marking the record in the assumpsit action "settled, discontinued and ended" may not be an adjudication of the principal claim it certainly operates for all purposes as a determination of the claim as between the parties. This action on the part of the Commonwealth was voluntary and after the

principal issue to be tried was on the trial list, and the Commonwealth has made no effort to set this aside. The parties involved in this matter are the same parties, and the Commonwealth settled, discontinued and ended the primary liability and both parties are bound by it unless the Commonwealth for some valid and equitable reason, deemed sufficient by the court, comes in and moves to set it aside. Since the Commonwealth has failed to take any steps to attack the "settled, discontinued and ended" matter it is not entitled to maintain its judgment which was originally given only as security for sums which Mary Wolfe was *legally obligated to repay*.

It would seem to this court that where a plaintiff has chosen his remedy of bringing his action against defendant in assumpsit, and the court has made a direction as to what is to be done to establish the rights involved by a jury trial, he should be compelled to follow that action and not be permitted to discontinue the same and bring a new action which would put defendant to inconvenience, trouble and expense. We believe that this defense is well taken, because to rule otherwise would only be to cause defendant further trouble, inconvenience and expense on a proceeding to open judgment, and the same defenses would be raised which were to be settled by a jury trial at November term, 1949, no. 394: See Sale v. Ambler et al., 335 Pa. 165; Baumgartner v. Whinney, 156 Pa. Superior Ct. 167. The general principle of law is that litigation should not be interminable, for the general welfare of every one concerned: Loughran v. Matylewicz, 367 Pa. 593. It is also well to note that unless defendant had raised the matter of "settled, discontinued and ended" at this time, she would be precluded from this defense at any later time, so that we are of the opinion that this defense has been well taken: Bailey v. Bailey

et al., 338 Pa. 221. See also McCardell v. Hilton, 24 Lanc. 66.

We are of the opinion that it was the duty of the Commonwealth to prove in the proceedings at November term, 1949, no. 394, being the action in assumpsit, that defendant, Mary Elizabeth Wolfe was legally obligated to repay this sum of money to the Commonwealth, and if they have marked the primary issue "settled, discontinued and ended" there can be no obligation which is enforcible under the judgment.

And now, July 18, 1952, after argument and after due and careful consideration, it is ordered, adjudged and decreed that judgment be and the same hereby is entered for defendant, Mary Elizabeth Wolfe, alias dictus Mary E. Wolfe, alias dictus Mary Wolfe on the scire facias, and the motion for judgment on the pleadings on behalf of the Commonwealth be and the same hereby is refused.