436 A.2d 612

**RALPH MYERS CONTRACTING CORPORATION, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 18, 1981.

Decided Nov. 5, 1981.

---

198

Dusty L. Elias, Hollinshead & Mendelson, Leonard L. Mendelson, Pittsburgh, for appellant.

Kenneth Lee Sable, Asst. Atty. Gen., Ward T. Williams, Chief Counsel, Dept. of Transp., John J. Buchy, Jr., Harrisburg, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The issue presented by this appeal is whether the total amount of an award consisting of principal and interest may be considered, in effect, a new principal amount upon which interest may be calculated from date of entry of the Board awarded judgment until date of payment.

The Board of Arbitration of Claims entered the following award in favor of appellant, Ralph Myers Contracting Corporation ("Myers"):

AND NOW, this 3rd day of June, 1977, the Board awards judgment in the sum of $491,807.55 to Plaintiff Contractor, Ralph Myers Contracting Corporation, and against the Defendant, Commonwealth of Pennsylvania, Department of Transportation, with interest at the rate of 6% per annum from December 30, 1972.

On August 24, 1977, Myers received payment from appellee, Commonwealth of Pennsylvania, Department of Transportation ("PennDOT"), of $491,807.55, by check dated August 16, 1977. The following December 12, PennDOT paid Myers interest at the rate of 6% per annum on the sum of $491,-807.55 for the period December 30, 1972 to August 19, 1977, in the amount of $136,789.87. (August 19 is the date PennDOT anticipated Myers would have received the first check). Subsequently, PennDOT agreed to pay an additional $404.23 as interest on $491,807.55 from August 19 to August 24, 1977. Myers filed a petition for review in the nature of mandamus in the Commonwealth Court seeking judgment against PennDOT in the amount of $4,517.27. This amount

represents interest on the unpaid balance to December 12, 1977. Commonwealth Court characterized Myers' claim as one for compound interest and entered judgment for Penn-DOT on the pleadings, there being no issue of fact to be determined. We granted Myers' petition for allowance of appeal and reverse.

## I.

■ Preliminarily, we address the question of what constitutes the total award on which interest then accrues. Penn-DOT argues the language is ambiguous, that it is not clear whether the amount of the award ($491,807.55) *already includes* interest from December 30, 1972 to the date of the award or whether interest is *to be added* to $491,807.55; and, therefore, the total debt at the time of the entry of the judgment was $491,807.55. However, it is clear from Penn-DOT's brief that it has at all times regarded interest "to be calculated at 6% per annum on the principal sum of $491,-807.55 from the date the obligation arose (December 30, 1972, as determined by the Board's order)." PennDOT did pay interest at 6% on the principal amount of $491,807.55 for the period commencing December 30, 1972, over and above the payment of the principal. This activity is not consistent with PennDOT's present assertion that the Board's award constituted a sum total including principal and interest as opposed to a principal sum due equal to $491,807.55 with interest to be added at the specified rate. It is obvious Myers understood the award to be the sum of $491,807.55 *plus* interest at 6% from December 30, 1972. Additionally, Commonwealth Court, in its effort to avoid an award on the Board's judgment that would include "compound interest" or interest upon interest, awarded Myers simple interest from December 30, 1972 until August 24, 1977. Implicitly, then, Commonwealth Court acknowledged that under the award interest was to be computed on $491,807.55 from December 30, 1972 to the date of the award.

Furthermore, Black's Law Dictionary defines "with" as "[s]ometimes equivalent to the words, 'in addition to,' but not synonymous with 'including,' as in a complaint demand-

ing a specified sum, 'with interest'" 1776 (4th ed. 1968). *See,* also *Carbondale City School District v. Fidelity and Deposit Co. of Maryland,* 346 Pa. 491, 31 A.2d 279 (1943), where judgment entered "in the sum of $10,000 with interest" was held to require payment of interest from the time of demand to the time of judgment.

We agree with Myers that the Board's award was for $491,807.55 plus interest at the rate of 6% per annum from December 30, 1972 to date of the award. Interest thus awarded equals $130,571.54. Therefore, the amount of the arbitrator's award was $491,807.55 plus $130,571.54 for a sum of $622,379.09.

## II.

Myers claims it is entitled to $622,379.09 (the principal awarded by the Board equal to $491.807.55, plus interest awarded by the Board calculated at a rate of 6% from December 30, 1972 until June 3, 1977, the date of the Board's award), plus interest on $622,379.09 beginning June 3, 1977. We agree.

■ It is generally true that the law of this Commonwealth frowns on an award of compound interest on a debt except where the parties agree to it or a statute expressly authorizes it. *Powell v. Allegheny County Retirement Board,* 431 Pa. 396, 246 A.2d 110 (1968). However, lawful interest from the time of obtaining the judgment is expressly allowed by statute to the judgment creditor in an action to enforce the judgment. The Act of 1700, 1 Smith's Laws 7, Sec. 2, 12 P.S. § 782 provides: "Lawful interest shall be allowed to the creditor for the sum or value he obtained judgment for, from the time the said judgment was obtained till the time of sale, or till satisfaction be made."[1]

In *Lackawanna Iron & Steel Co. v. Lackawanna & Wyoming Valley R.R.,* 299 Pa. 503, 149 A. 702, this Court, addressing the issue whether to allow interest from the date of the arbitrator's award, stated:

1. The Act of April 6, 1859, P.L. 381, Sec. 1, 12 P.S. § 781 provides: From and after the passage of this act it shall be lawful for any party or parties, in whose favor any verdict may be rendered for a

The award had the effect of a verdict fixing the loss, with compensation for detention in payment added, and interest on the total sum found due was thereafter allowable. . . . Compound interest is not allowable [Citations omitted], but the addition to the total award here sued on did not controvert this rule, and is therefore not objectionable as constituting double compensation.

299 Pa. 503, 508, 149 A. 702, 705 (1930).

Clearly, then, statutory and case law of this Commonwealth have long favored an award of interest in an action on a prior judgment even where that prior judgment included an award of interest, and Myers is entitled to interest on $622,379.09 from the date of the judgment, June 3, 1977, to date of payment.

Myers argues the problem presented by this case is analogous to the situation where judgment is revived by writ of *scire facias*, and he urges us to apply the rule announced in *Bailey v. Bailey:* "[W]hen a judgment is revived by a writ of *scire facias*, the creditor has the right, in entering the revival judgment, to charge interest on the aggregate amount of principal and interest embodied in the previous judgment." 338 Pa. 221, 223, 12 A.2d 577, 578 (1940).

specific sum of money, to collect and receive interest upon such sum from the date of the verdict; and every general judgment entered upon such verdict, whether by a court of original jurisdiction, or by the supreme court, shall be deemed and held to be a judgment for the sum found by the verdict, with interest thereon from the date of such finding: Provided, That nothing in this act contained shall prevent any court from directing special verdicts, or entering special judgments whenever the same shall be deemed just and proper.

12 P.S. §§ 781 and 782 have been repealed by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, Sec. 2(a), effective June 27, 1978, and replaced by the Act of July 9, 1976, P.L. 586, No. 142, Sec. 2, effective June 27, 1978, 42 Pa.C.S.A. § 8101 which provides:

Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

Application of this section to the instant case would not compel a result different from the one we reach today.

Reasoning that a plaintiff can revive his judgment any number of times and thereby add the accrued interest to the principal for purposes of computing additional interest, PennDOT counters that the allowance of interest on a judgment which consists of principal and interest leads to an inequitable result. Such a case, however, where a judgment creditor abuses the vehicle of revival of judgments solely for the purpose of accruing additional interest, is not before us.

This Court addressed the issue of computing interest due where a plaintiff had revived his judgment several times by *scire facias* (although no abuse was alleged) in *Fries v. Watson.*

> [A]s to the recovery of interest, there is no difference between a *scire facias* and an action of debt. . . . In an action of debt, and a *scire facias*, the object is the same: the obtaining the fruits of the original judgment. Assuming then, that so far as concerns the recovery of interest, there is no difference between an action of debt, and a *scire facias*, we have only to inquire what interest could be recovered, if instead of each *scire facias* in the present case, actions of debt were substituted. In the first action of debt, the plaintiff would have recovered the amount of his original judgment, with interest. The principal and interest would then be thrown into one consolidated sum, which would form the amount of the judgment in the first action of debt. In the second action of debt, the recovery would be, of the amount of the sum recovered in the first action of debt, with interest; and so, *toties quoties*. This is the principle contended for by the plaintiff. Nor is there any thing against equity in it. The payment of interest is occasioned by the default of the defendant. It is equitable, that he should pay interest on the whole sum detained from the plaintiff. And at each time when the plaintiff obtains judgment on a *scire facias*, the defendant, who makes default, detains from him the amount of the sum for which judgment was obtained.

5 S. & R. 220, 222 (1819).

■ Quite simply put, interest awarded as to the principal amount of the claim *merges* with the principal awarded and

becomes thereby an integral part of the judgment, thus, Myers is entitled to be compensated for the delay from entry of the award of principal amount plus interest to date of payment in full, with interest computed at the rate of 6% per annum.

Although Myers is entitled to receive simple interest on the full award, Myers is not entitled to continue to receive interest on the full award where, as here, the award has been partially satisfied. Rather, Myers may receive simple interest only on the unpaid balance of the award, with payments applied first to interest on the unpaid balance of the award, and then to the unpaid balance itself.

Order of Commonwealth Court reversed; judgment entered for appellant in the amount of $4,517.27.

WILKINSON, J., did not participate in the consideration or decision of this case.