## Lynn v. Cepurneek

*Mark S. Galper,* for plaintiffs.

*Robert A. Nedwick,* for John A. Cepurneek and ·Phillip Packard.

*James F. Manley,* for F. B. Washington Candy Corp. and Zurich Insurance Co.

*Bernard J. McAuley,* for Fireman's Fund.

*Daniel J. Weis,* for George Celia Jr.

ACKERMAN; *J.,* February 3, 1987—Before the court are the exceptions of Zurich Insurance Company to this court's findings of fact, conclusions of law and decree of August 28, 1986. In addition, we must decide whether interest is payable to plaintiffs on delay damages and whether a partial payment to the plaintiffs should be applied to accrued interest and delay damages before being applied to the principal due the plaintiffs.

The exceptions of Zurich will be addressed first. Zurich complains that the court erred in denying its requests that Fireman's Fund be made to reimburse Zurich on the cost of defense and that Fireman's Fund be responsible for the entire amount of interest and delay damages resulting from the verdict. In its brief, Zurich provides no authority establishing that an excess insurance carrier may recover the costs of defense from a primary insurance carrier due to the primary insurance carrier's bad faith failure to defend an action. The law is clear that an insured may recover the costs of his defense where his carrier wrongfully refuses to defend. *Sexton v. Security Insurance Company of New Haven,* 13 D.&C.2d 444, *East Coast Equipment Company v. Maryland Casualty Company,* 38 D.&C.2d 499, *Ripepi v. American Insurance Companies,* 349 F.2d

300, *Kelley v. Kass,* 154 Pa. Super. 267, *Kelmo Enterprises v. Commercial Union Insurance Company,* 426 A.2d 680; *Gray v. Nationwide Mutual Insurance Company,* 422 Pa. 500. But Fireman's insured, Packard and Washburn, have made no claim against Fireman's for any breach of duty owed them. Zurich, on the other hand, was owed no duty from Fireman's Fund and therefore, has no rights to assert as a basis for its claim. Further, Zurich, being the excess carrier, had its own interest to protect by defending Washburn. Fireman's Fund is not responsible to Zurich for the cost of defense or the entire amount of the verdict and interest. Zurich's exceptions will therefore, be dismissed.

It must now be decided whether post-judgment interest should be computed on the jury verdict alone or rather on the molded jury verdict which includes delay damages. This issue is one of first impression.

Pursuant to rule 238(a) of the Pennsylvania Rules of Civil Procedure, interest on 10 percent per annum was added to the jury verdict thereby molding a new verdict, 42 Pa.C.S. § 8108 provides that a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award. According to plaintiffs, this amount should be computed on the molded verdict. While there are no appellate cases directly on point, a review of *Ralph Myers Contracting Corporation v. Dept. of Transp.,* 496 Pa. 197, 436 A.2d 612 (1981) and *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981) demonstrates that plaintiffs are correct.

In *Myers v. Dept. of Transp.,* supra, a board of arbitration awarded a lump sum plus interest from a date five years earlier. Myers claimed that it was entitled to post-judgment interest on the full amount

of the award, including the specific award of interest. The Supreme Court rejected defendant's argument that this constituted an impermissible compounding of interest holding that the law favors an award of interest in an action on a prior judgment even where that prior judgment included an award of interest. The *Laudenberger* court referred to rule 238 delay damages as "pre-judgment interest." 436 A.2d 147 at 151. Therefore, the holdings of *Laudenberger* and *Myers* compel the conclusion that it is proper to compute post-judgment interest on the molded verdict, which includes pre-judgment interest computed through rule 238.

Finally, I must determine the proper allocation of the partial payment paid to plaintiffs by Fireman's Fund. That partial payment must first be applied to any interest on the unpaid balance of the award and then to the unpaid balance itself. *Myers v. Dept. of Transp.*, supra at 204, 436 A.2d at 615. That payment, therefore, must first be applied to the pre-judgment rule 238 interest and the post-judgment interest provided for by 42 Pa.C.S. §8101 prior to any remainder being used to reduce the principal debt.

ORDER

And now, this February 3, 1987, the exceptions of F. B. Washburn Candy Corporation and Zurich Insurance Company are hereby dismissed. It is further ordered and decreed that post-judgment interest be computed on the molded verdict which contains rule 238 pre-judgment interest; and that the partial payment by Fireman's Fund be first applied to all outstanding interest prior to being applied to the unpaid balance of the debt.