*388 FORD ELLIOTT, Judge,
dissenting:
While I find myself in complete agreement with the Majority’s resolution of appellant’s first two issues, pertaining to whether an interest rate of 8% may be assessed, I am unable to concur in the analysis on issue three, concerning whether the trial court erred in calculating the amount owed to appellee by providing for compound rather than simple interest. I am of the opinion that compound interest was used to calculate the amount owed and that this was improper. Therefore, I must respectfully dissent.
This court has recently defined compound interest in Katzeff v. Fazio, 427 Pa.Super. 55, 628 A.2d 425 (1993). There we stated, “... we note that interest is compounded when it is added to the principal, the result of which is treated as a new principal for calculating the interest due for the next term.” Katzeff at 64, 628 A.2d at 430. We went on to observe in Katzeff that our law disapproves of compound interest and that we will only permit it when the parties have provided for it by agreement[1] or a statute expressly authorizes it. I agree with both of those observations. However, I believe that instantly the Majority’s opinion appears to allow the assessment of compound interest.
At page 15 of their opinion, the Majority state, “With each year that the debt remained unpaid, the principal balance necessarily had to be adjusted to include the amount of interest which had accrued thereon; to do otherwise would deprive appellee of the interest to which he was lawfully *389 entitled pursuant to the directives of the Orphans’ Court.” To me, this describes compound interest in its most classic sense.
I believe that appellant is only entitled to simple interest each year on the original principal of $1,116. At an 8% rate, this amounts to adding $89.28 to the amount owed by appellee each year. After 18 years, the time at which our litigants currently stand, the amount owed would have swelled to $2,723.04. Only by compounding interest each year for 18 years does one arrive at the even greater sum of $4,459.56.[2] This is precisely what was done below and is what the Majority have described in their opinion. Indeed, in its opinion dated February 11, 1994, the court below candidly admitted at page two that the interest here was compound.
The Majority recites Ralph Myers Contracting Corporation v. Commonwealth of Pennsylvania, Department of Transportation, 496 Pa. 197, 436 A.2d 612 (1981) in support of their position. From my reading of their opinion, the Majority appear to be interpreting Ralph Myers to embrace the concept that simple interest assessed each year merges with the principal and becomes the new principal upon which simple interest is calculated the next year. To me, this is simply another way of describing compound interest.
Moreover, my interpretation of Ralph Myers differs. Rather, I believe that Ralph Myers merely holds that where the original judgment or award contains an interest component, it does not amount to the compounding of interest to allow simple interest to be assessed each term on the total amount of the judgment until full payment is made. However, Ralph Myers still called for the assessment of simple interest only upon that original award. Ralph Myers merely addressed the question of what constitutes the total award on which interest then accrues.
The Ralph Myers court adopted the analysis propounded by its appellant, which analogized to a revival of judgment situa *390 tion. Quoting Fries v. Watson, 5 S. & R. 220, 222 (1819), the court stated:
In the first action of debt, the plaintiff would have recovered the amount of his original judgment, with interest. The principal and interest would then be thrown into one consolidated sum, which would form the amount of the judgment in the first action of debt. In the second action of debt, the recovery would be, of the amount of the sum recovered recovered in the first action of debt, with interest; and so, toties quoties. This is the principle contended for by the plaintiff. Nor is there any thing against equity in it. The payment of interest is occasioned by the default of the defendant. It is equitable, that he should pay interest on the whole sum detained from the plaintiff. And at each time when the plaintiff obtains judgment on a scire facias, the defendant, who makes default, detains from him the amount of the sum for which judgment was obtained.
Ralph Myers at 202, 436 A.2d at 615.
Under Ralph Myers, a plaintiff could effectively obtain a rudimentary form of compound interest through successive revivals of judgment. However, that is not the instant situation and I do not believe that the Ralph Myers court envisioned a case where each term’s interest on a debt would be considered to merge with the principal. This would be tantamount to holding that compound interest may be awarded. Clearly, our law frowns on this and constrains me to voice the objection contained herein.

. At page 2 of its opinion, dated February 11, 1994, the trial court adopts the reasoning in a “Brief in Opposition to Petition to Discharge Property from Lien.” That-document urged that compound interest should be imposed because the parties had effectively agreed to it. In adopting this analysis, I believe that the court makes a combined finding of fact and conclusion of law with which I cannot agree. The only "agreement” here was in the form of a prior order of court, which stated, in pertinent part, "Mrs. Braun is to pay $50.00 a month on the 10th of each succeeding month until the principal and interest are paid off in full, at the rate of 8% interest on the unpaid balance.” The court below has interpreted "unpaid balance” to refer to both principal and interest. I do not share that interpretation, but rather believe the "agreement” to be wholly ambiguous on this point. Thus, I would find no express agreement to pay compound interest.

. Our total is calculated to the October 8, 1993 anniversary date. The amount in the order in question, $4,534.32, is apparently calculated to a later date.