J-A09003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF WALTER C. DEMBOSKY, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: WALTER J. DEMBOSKY | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 571 MDA 2022 |

Appeal from the Order Entered March 16, 2022
In the Court of Common Pleas of Lackawanna County Orphans' Court at
No(s):  2020-00156

BEFORE:  PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED: JUNE 15, 2023**

Walter J. Dembosky ("Walter"), appeals from the order determining his rights as a creditor to the Estate of his deceased father. Walter contends the trial court erred by failing to use compound interest when calculating the debt his father's estate owed him. As we conclude the trial court did not abuse its discretion, we affirm.

Decedent, Walter C. Dembosky, died on November 22, 2019. On February 7, 2020, an Estate was probated with Dell A. Dembosky ("Dell"), another son of Decedent's, being the named executor. On February 17, 2021, Walter filed a notice of claim against the Estate in the amount of $1,318, 488.22. Walter's claim alleged that the amount owed to him stemmed from a promissory note for $10,500.00, which was executed by Decedent and his wife in 1984.

On September 27, 2021, the Estate filed a petition for special relief/motion to strike the claim. The Orphans' court held a hearing and accepted briefs from the parties. At the hearing, the Estate acknowledged the existence of an outstanding debt. However, the Estate disputed the amount of the debt. On March 16, 2022, the court entered an order granting the Estate's petition for relief/motion to strike. Further, the order directed the estate to pay Walter $63,174.30. Walter filed this timely appeal.

Our standard of review of an order of the Orphans' court is deferential. "[W]e will not reverse unless there is a clear error of law or an abuse of discretion. Our scope of review is also limited: we determine only whether the court's findings are based on competent and credible evidence of record." *In re Estate of Karschner*, 919 A.2d 252, 255-56 (Pa. Super. 2007) (quoting *In re Estate of Westin*, 874 A.2d 139, 142 (Pa. Super. 2005)). "An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused." *Silver v. Pinskey*, 981 A.2d 284, 291 (Pa. Super. 2009) (*en banc*) (quoting *Mencer v. Ruch*, 928 A.2d 294, 297 (Pa. Super. 2007)).

Walter first argues that the orphans' court improperly calculated the amount due because it used simple interest rather than compound interest. *See* Appellant's Brief at 11-16. Walter contends that the promissory note

- 2 -

included a monthly payment amount, which reflected that the parties understood the interest be compounded interest. ***See id***. at 16.

It is undisputed that notes representing a promise to pay money under specific terms are not substantially different from any other type of contract and must be evaluated in accordance with the general principles which govern our construction of all contracts. ***See Katzeff v. Fazio***, 628 A.2d 425, 427 (Pa. Super. 1993). When the words used in a written contract are clear and unambiguous, the accepted plain meaning of the language, rather than the silent intentions of the contracting parties, determines the construction to be given to the agreement, and we will not resort to extrinsic aids or evidence. ***See Steuart v. McChesney***, 444 A.2d 659, 661 (Pa. 1982).

We have explained that "interest is compounded when it is added to the principal, the result of which is treated as a new principal for calculating the interest due for the next term." ***Katzeff***, 628 A.2d at 430 (citation omitted). "It is generally true that the law of this Commonwealth frowns on an award of compound interest on a debt except where the parties agree to it or a statute expressly authorizes it." ***Ralph Myers Contracting Corp. v. Commonwealth***, 436 A.2d 612, 614 (Pa. 1981).

The promissory note at issue contains the following pertinent language:

> On this day, Walter C. Dembosky and Irene Dembosky, his wife do hereby Borrow the sum of Ten Thousand Five Hundred dollars ($10,500) from their son, Walter J. Dembosky for the purpose of a farm purchase near Fleetville, Lackawanna County. Walter C. and Irene Dembosky agree to re-pay the loan in monthly installment of ($126.77) at 13-1/2% Interest for Twenty Years.

Promissory Note, 12/14/84, at 1. As the Orphans' court aptly observed, "The promissory note states nothing about compound interest." Trial Court Opinion, 3/16/22, at 3. Walter attempted to establish the intent of the parties by presenting amortization charts as a method of extrapolating that the parties committed to applying compound interest when they agreed to the monthly installment amount. However, the Orphans' court noted that both parties submitted amortization schedules, which conflicted with each other. This led the court to the following conclusion: "These conflicting amortization schedules, that are extrinsic to the promissory note, demonstrate why the law requires the court to look at only the four corners of the promissory note to determine the parties' intentions. Because the document that encompasses the agreement of the parties says nothing about compound interest, and because Pennsylvania law does not permit compound interest on a debt unless it is expressly provided for in the agreement interest will not be compounded here." Trial Court Opinion, 3/16/22, at 4 (citation omitted). We discern no error by the Orphans' court in reaching its conclusion that the promissory note is silent concerning the application of compound interest and conclude that the court properly held that the law prescribes that compound interest is not appropriate in this matter.

In addition, Walter argues the Orphans' court erred in excluding evidence that allegedly established the parties had agreed to repayment of the loan with compound interest. *See* Appellant's Brief at 17-23. Walter

contends that the Orphans' court "erred in misapplying the [p]arol [e]vidence [r]ule" to exclude the amortization charts that were presented. *Id*. at 17. He asserts that the charts were merely graphic depictions of the mathematical calculations used to arrive at the agreed upon monthly payment.

We have reiterated that when parties deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement. *See Ragnar Benson, Inc. v. Hempfield Twp. Mun. Authority*, 916 A.2d 1183, 1189 (Pa. Super. 2007). However, where the language of an agreement is ambiguous, courts may consider extrinsic or parol evidence to determine the parties' intent. *See id*.

In reaching its conclusion that the amortization schedules supplied by the parties should not be considered in its review, the trial court stated,

> [T]he claimant also argued that the *Katzeff* case allows the court to examine the monthly payment amount in the note and extrapolate from that amount that the parties intended the interest to be compounded monthly. However, the amortization schedules that the court considered in *Katzeff* were actually appendices to the notes, and thus were part of the agreement of the parties. The promissory note at issue here does not include any amortization appendices. This court will not consider amortization tables that are not part of the agreement of the parties.

Trial Court Opinion, 3/16/22, at 4-5.

We discern to error by the Orphans' court in declining to consider the amortization charts presented by the parties. Contrary to Walter's contention, there is no apparent ambiguity in the language of the promissory note. Moreover, as the Orphans' court noted, the caselaw relied upon by the parties

in an effort to utilize their amortization charts is distinguishable because the parties in **Katzeff** had appended the amortization document to the promissory note. That is not the situation in the present matter. To the contrary, in this case the Orphans' court was presented with conflicting amortization charts that were generated by online computer systems that were, most likely, not in existence when the promissory note was entered into nearly forty years ago. We find no error by the Orphans' court in choosing to overlook this particular extrinsic evidence, which was never considered by the parties in formulating their agreement. Therefore, Walter's claim fails.

In addition, we observe that Walter includes an argument in his appellate brief asserting that the Orphans' court should have taken judicial notice of the calculations presented in the amortization tables. **See** Appellant's Brief at 20-22. Judicial notice is governed by Pa.R.E. 201, which states that a court may take judicial notice on its own; or must take judicial notice if a party requests it and the court is supplied with the necessary information. **See** Pa.R.E. 201(c). Our review of the certified record reflects that neither party requested the court to take judicial notice of the amortization charts. As such, the Orphans' court was not required to take judicial notice of the tables.

Further, prior to this appeal, Walter did not raise any challenge to the court's taking judicial notice of the amortization tables that he now sets forth. In addition, he made no mention of the court's taking judicial notice in his Rule 1925(b) statement. Accordingly, his claim that the Orphans' court erred

in failing to take judicial notice is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2023