Doodan, Appellant, *v.* Szawlinsky.

Argued March 28, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*George D. Mullen, Jr.,* with him *John Michael Doodan,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY FLOOD, J., April 12, 1962:

The plaintiff, a member of the bar of Philadelphia County, represented the defendant, Szawlinsky, in a trespass action which resulted in a verdict for Szawlinsky in the sum of $10,000. The garnishee had insured the defendant in the trespass action against liability in the sum of $5000. After the judgment in the trespass action had been affirmed by the Supreme Court, the garnishee issued its check to Szawlinsky and the plaintiff jointly in the sum of $5,348.35, the face amount of the policy, plus interest and costs.

The defendant, being dissatisfied because he was not getting the full amount of his verdict in the trespass action, refused to endorse the check, despite the efforts of his attorney and of the trial judge to persuade him that he could not get anything more from the insurance company. After all efforts to persuade the defendant to endorse the check had failed, the plaintiff brought suit against him and obtained judgment by default in the amount of $3,329.98, later reduced, by an assessment of damages filed, to $3,053.40.

The plaintiff issued an attachment against the insurance company as garnishee and filed and served interrogatories. To the interrogatory asking whether it owed the defendant any money or was liable to him on account of the judgment obtained in the trespass ac-

tion, the garnishee answered: "No, subject to the following qualifications. Judgment was paid by check from Garnishee No. 45831, issued April 28, 1961, in the sum of $5,348.35 payable to Michael Szawlinsky and plaintiff. Check has not yet been cashed."

The question before us is whether the garnishee is relieved from responding to the plaintiff in these attachment proceedings because it has issued a check under its policy, which has never been cashed.

It is clear that the garnishee has funds in its hands due to the defendant in this action which the plaintiff is entitled to reach by attachment. The issuance of the check itself does not remove those funds from the hands of the garnishee until the check is cashed. A check is not legal tender and is not payment unless it is accepted by the creditor. 70 C.J.S. Payment §24, p. 233 et seq. Even then unless the creditor agrees to accept it as absolute payment, it is only conditional payment, and becomes absolute payment only when it is paid by the drawee bank in due course. Ibid. Here there was no acceptance by the defendant and, although a year has gone by since the check was issued, it has not been paid or presented for payment. At this late date the drawee bank is not obligated to pay the check and normally will not do so without consulting the depositor: Uniform Commercial Code, §4-404 and Comment, 12A PS §4-404. See *Lancaster Bank v. Woodward,* 18 Pa. 357 (1852).

At the argument before us the plaintiff's counsel stated that the plaintiff, who has possession of the check, tendered its return, but the garnishee refused to accept it. But irrespective of who has possession of the check, the garnishee may, and undoubtedly will, order the drawee bank to stop payment on the check upon the entry of judgment against it. Uniform Commercial Code, §4-403, 12A PS §4-403. Since there has been no legal payment, the garnishee is still indebted

to the defendant, and the plaintiff is entitled to judgment.

The order is reversed and the record is remanded with direction to grant the plaintiff's motion for judgment on the pleadings.