## Egnal v. Friedman

*John D. Egnal*, for plaintiff.
*Howard Wallner*, for defendants.

CAVANAUGH, J., July 29, 1969.—This matter is before the court without a jury on plaintiff's complaint in trespass for the tort of abuse of process. Stated briefly, the complaint alleges that defendants, Friedman and Wallner, abused the process of attachment execution on May 9, 1966, when they caused the Sheriff of Philadelphia County to attach plaintiff's account at Girard Trust Bank in the sum of $894.28, plus interest and costs.

### FINDINGS OF FACT

1. All parties are members of the bar of the Supreme Court of Pennsylvania.

2. On or about May 29, 1964, defendants, Friedman and Wallner, instituted a complaint in assump-

sit against plaintiff, Egnal, seeking the recovery of $802.52 plus interest and costs.

3. On June 8, 1965, a board of arbitrators made an award for defendants against plaintiff for the sum of $894.28.

4. Plaintiff's appeal from the arbitrators' award was quashed on December 13, 1965 by the county court.

5. The action of the county court was affirmed by the Superior Court of Pennsylvania on April 26, 1966.

6. On April 29, 1966, plaintiff sent defendants a letter dated the same day, together with his check for $831.87.

7. On May 2, 1966, by letter dated the same day defendants' replied to plaintiff's letter of April 29, 1966.

8. On May 5, 1966, by letter dated the same day, plaintiff replied to defendants' letter of May 2, 1966.

9. On May 9, 1966, defendants caused the Sheriff of Philadelphia County to attach plaintiff's bank account at Girard Trust Bank in the amount of $894.28 plus interest and costs.

10. At the time of the attachment, defendants had an unsatisfied judgment against plaintiff for $894.28 issued by the County Court of Philadelphia and affirmed by the Superior Court of Pennsylvania.

11. Defendants' purpose in causing the attachment to issue was to collect the sum of $894.28 plus interest and costs on their judgment against plaintiff.

12. On May 13, 1966, plaintiff obtained a rule on defendants to show cause why their writ of execution should not be dissolved and the judgment satisfied.

13. On June 13, 1966, the county court (Boyle, J.) entered an order dissolving the writ of execution and satisfying the judgment.

14. On June 20, 1966, at the order of Judge Boyle, a letter of Anthony J. Cimino, chairman of the board

of arbitrators, was attached to the record in the March term, 1964, action.

15. On July 19, 1966, Judge Boyle filed his opinion sur rule 46 with the Superior Court.

16. The Superior Court affirmed Judge Boyle's order of June 13, 1966, in a per curiam opinion, and allocatur was refused by the Supreme Court.

17. At the time the execution was issued on May 9, 1966, defendants had no knowledge of any mistake or error in the arbitrators' award.

18. At the time the execution was issued on May 9, 1966, defendants had no knowledge or reasonable expectation that their judgment on the arbitrators' award which was affirmed by Superior Court could be later modified or changed by the County Court.

## DISCUSSION

The tort of abuse of process exists where one party institutes or uses a legal process which is lawful on its face but for a purpose or reason other than that for which it is intended by the law. See Restatement, Torts, §682. The restatement gives the following facts as an "Illustration":

"2. A obtains a judgment against B for a debt owed by him. A, after the debt has to his knowledge been paid, takes out execution on the judgment. A is liable to B for abuse of process."

Of course, on those facts, A had perverted the execution process of the courts in that he issued execution on a valid judgment at a time when the judgment was paid and should have been satisfied. The process was used on its face for a legitimate purpose, to collect an existing money judgment, but the process was abused or twisted in that it was a form of extortion.

Another example of abuse of process can be found in Shane v. Gulf Refining Company, 114 Pa. Superior Ct. 87 (1934), where the judgment creditor abused

the execution process on a valid judgment by issuing execution against the goods of his judgment debtor's relatives. See also Korrallas v. Griffiths, 70 Pa. Superior Ct. 431 (1918), and Whelan v. Miller, 49 Pa. Superior Ct. 91 (1912), where the judgment creditor was held liable for abuse of process on a valid judgment where he executed against property belonging to persons other than his judgment debtor.

In the instant case, plaintiff makes no complaint that he is not the named judgment debtor or that his bank account was immune from attachment. Rather, plaintiff's sole complaint is that the attachment was for more money than he really owed, and thus argues that a tort or abuse of process exists for two reasons.

First, plaintiff argues that as he tendered $831.87 on April 29, 1966, defendants then abused the execution process in attaching his account for $894.28 on May 9, 1966. The answer to this argument is that a tender by check is only conditional payment which is not final payment until paid by the drawee (unless the creditor agrees to accept the check as absolute payment): Doodan v. Szawlinsky, 197 Pa. Superior Ct. 623 (1962). Accordingly, there was nothing improper in defendants' issuing execution for the full amount of the judgment debt.

Plaintiff's real complaint is that the execution at $894.28 was for more than he owed, and thus a distortion or perversion of the process in that defendants refused to give him a credit of $135.94 for a previous payment made on October 5, 1964. Thus, the question presented is whether defendants' execution on their judgment at the face amount of the judgment when they knew plaintiff contested the face amount of the judgment can constitute an abuse of process.

While the court has entered findings of fact that defendants knew that plaintiff contested the face

amount of the judgment at the time of execution, still the court is not persuaded that plaintiff has a cause of action. First, the court has found that defendants' purpose was to collect on their judgment, and at that time they had no reason to know that the judgment could or would be recomputed. Moreover, defendants did not know of any actual mistake in the arbitrators' award, but only of plaintiff's allegation of a mistake in the award. Accordingly, the court finds that defendants were not guilty of the tort of abuse of process in executing on the face amount of their judgment as affirmed by the Superior Court, as defendants' sole purpose at that point was to collect their judgment. Certainly, one would have little reason to suspect the dollar validity of a judgment tested all the way to the Superior Court.

The fact that defendants' judgment was subsequently "modified" by the order of the County Court (Boyle, J.) does not alter the fact that, at the time of execution, the process was legitimate and for a lawful purpose.

Plaintiff has at no time suggested that he is proceeding on a malicious use of process theory. In any event, a party issuing execution on a final judgment, affirmed by the Superior Court, would certainly have probable cause to issue the process, and thus no cause of action exists on that theory. See Miller v. Pennsylvania Railroad Company, 371 Pa. 308 (1952).

### CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties.

2. Plaintiff has failed to prove by a fair preponderance of the evidence his right to recover from defendants on an abuse of process theory or any other cause of action.

3. Verdict for defendants.