385 A.2d 351

The CITY OF JEANNETTE, a Municipal Corporation,

v.

The FRATERNAL ORDER OF POLICE, JEANNETTE LODGE NO. 24, a corporation, Appellant.

Supreme Court of Pennsylvania.

Argued March 13, 1978.

Decided April 28, 1978.

Raymond F. Sekula, Thomas A. Kovalchick, John W. Peck, II, George, Wasson, Sekula, Kovalchick & Irwin, Arnold, for appellant.

George A. Conti, Jr., Greensburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

When collective bargaining between appellant, the Fraternal Order of Police, Jeannette Lodge No. 24 (referred to as F.O.P.) and appellee, the city of Jeannette (a city of the third class referred to as Jeannette), reached an impasse, a board of arbitration was empaneled in accordance with the

Act of June 24, 1968, P.L. 237, No. 111, § 1 et seq., 43 P.S. 217.1 et seq. (herein referred to as "the Act"). F.O.P. selected Raymond F. Sekula, its attorney, as its representative on the board while Jeannette chose George A. Conti, Jr., its solicitor, as its representative on the board. Pursuant to the procedure mandated by the Act, those two arbitrators chose an independent arbitrator from the American Arbitration Association to fill the third position on the board.

After an arbitration hearing was held, the independent arbitrator submitted an award. This award provided (among other things) that members of Jeannette's police force could retire from the force with full benefits after a straight twenty years of service. Copies of the independent arbitrator's award were forwarded to Conti and Sekula for review.

On January 20, 1976, after review Sekula (the F.O.P. arbitrator) concurred in writing to the independent arbitrator's award. Sekula forwarded his copy of the award to Conti (Jeannette's arbitrator). On January 21, 1976, Conti dissented from the award and forwarded Conti's and Sekula's copies of the award to the independent arbitrator. The independent arbitrator forwarded same to the American Arbitration Association and on February 2, 1976, the American Arbitration Association sent copies of the award to all parties concerned. Receipt of these copies occurred on February 5, 1976.

On March 8, 1976, Jeannette filed an application in Commonwealth Court for review of the board's award. The Commonwealth Court granted said application.

F.O.P. filed a motion to quash Jeannette's application for review, claiming that said application for review was untimely because it was not filed "*thirty days after the date of the award*" as mandated by Pa.R.J.A. 2101.[1] (Emphasis added.)

Without addressing the timeliness of Jeannette's application for review, the Commonwealth Court set aside the

---

1. This was rescinded by Pa.R.A.P. 5104, effective July 1, 1976.

board's award. That court held that the board's award was illegal because the award required that Jeannette pay increased police pension benefits in an amount which would force Jeannette to violate the act of June 21, 1957, P.L. 378, No. 202, § 3 *as amended*, 53 P.S. 39305, which prohibits a third class city from contributing more than three percent of its tax revenue to a police pension fund.

F.O.P. filed a petition for allowance of appeal with this Court which was granted.

In its appeal to this Court, F.O.P. raises two issues: 1) that the Commonwealth Court erred in hearing Jeannette's application for review since said review was untimely 2) that the Commonwealth Court, in holding that the board's award was illegal, erred in setting aside said award.

We hold that while it was proper for the Commonwealth Court to hear Jeannette's application for review, the Commonwealth Court erred in setting aside the board's award.

All applications for review (appeal) of a board of arbitration award must be filed within "thirty days after the date of the award". Pa.R.J.A. 2101. Section 217.7 of the Act requires that "the determination of the majority of the board of arbitration shall be final on the issue or issues in dispute . . . . Such determination shall be in writing and a copy thereof shall be forwarded to both parties to the dispute." F.O.P.'s contention that January 20, 1976 (the day that a majority of the board executed the award) should be considered "the date of award" and that, therefore, Jeannette's March 8, 1976 application for review was not filed within thirty days is without merit. The date that the parties received a copy of the award, February 5, 1976, is "the date of the award". Therefore, Jeannette's March 8, 1976 filing was within thirty days and, thus, timely.[2]

F.O.P.'s second contention, that the Commonwealth Court erred in setting aside the board's award, is correct. The Commonwealth Court's holding was predicated upon an

2. The thirtieth day, March 6, 1976, was a Saturday. Since appeals cannot be filed on Saturday or Sunday, the "thirtieth day" was extended to Monday, March 8, 1976.

assumption that the awarding of increased pension benefits would require Jeannette to contribute more than three percent of its tax revenues to the police pension fund in violation of 53 P.S. 39305. The aforementioned assumption is erroneous since police pension funds may receive contributions from many sources other than Jeannette, such as the Commonwealth, private gifts,[3] as well as police fund raising activities.

The order of the Commonwealth Court is reversed and the board of arbitration's award is reinstated.

ROBERTS, J., filed a concurring opinion in which O'BRIEN and POMEROY, JJ., joined.

NIX, J., concurred in the result.

EAGEN, C. J., dissents.

ROBERTS, Justice, concurring.

I agree with the majority that the award of the arbitrators should be reinstated because appellee, City of Jeannette, has not shown that the award is contrary to law. The City did not meet its burden of demonstrating that the award would require illegal contributions to maintain the police pension fund.

In concurring in the majority's result, I note that today's decision does not preclude a beneficiary from challenging the adequacy of the funding of a pension fund or any other aspect of the establishment or management of a fund which may undermine its ability to meet future obligations. *Dombrowski v. City of Philadelphia*, 431 Pa. 199, 209–10, 245 A.2d 238, 244 (1968). Thus, beneficiaries who may be prejudiced if the City's pension fund becomes financially unsound have an adequate means of protecting their interests.

O'BRIEN and POMEROY, JJ., join in this concurring opinion.

**3.** For instance, 53 P.S. 39307 allows a third class city to take "gift(s), grant(s), devise(s) or bequest(s), (and) mon(ies) or propert(ies)" that are contributed for the benefit of a police pension fund. Act of June 23, 1931, P.L. 932, art. XLIII, § 4307 *as amended,* 53 P.S. 39307.