## City of Scranton v. International Association of Firefighters

*John J. Brazil,* for petitioner.
*Thomas W. Jennings,* for respondent.

COTTONE, *J.,* June 18, 1981 — The present controversy arises out of an appeal filed by the City of Scranton (city) from certain portions of the arbitrators' award concerning the terms and conditions of employment of the city's firemen represented by respondent, the International Association of Firefighters, AFL-CIO, Local 669 (Association). Respondent filed the present motion to quash alleging that the appeal is untimely. The record indicates

that the award of the arbitrators was issued and served on both parties on December 22, 1980. Petitioner filed its appeal on January 23, 1981. Respondent contends that the January 23rd date falls outside the 30-day appeal period mandated by 42 Pa. C.S.A. §5571(b). Petitioner, however, argues that the 30-day appeal period is governed by Pa. R.C.P. 247.1.

Section 5571(b) states that:

"Except as otherwise provided in subsection (a) and (c), an appeal from an tribunal or other government unit to a writ or from a court to an appellate court *shall be commenced within 30 days after the entry of the order from which the appeal is taken,* in the case of an interlocutory or final order." (Emphasis supplied.) 42 Pa. C.S.A. §5571(b).

Rule 247.1* provides that:

"An appeal from an award of arbitrators in compulsory arbitration shall be taken within thirty days after the entry of the award on the docket." Pa. R.C.P. 247.1.

It is incumbent upon this court to decide whether the city's appeal has been timely filed. In particular, we are asked to determine when the time period within which to file an appeal from an arbitrator's award begins to run.

The city maintains that Rule 247.1 is controlling. The appeal period of this particular rule begins to run as of the day on which the award was "docketed". Petitioner argues that, since the arbitration award was not docketed at their office until December 31, 1980, their appeal is timely. Respondent, however, contends that section 5571(b) governs this matter. Thus, the appeal period would commence on December 22, 1980; the date of the entry of the order.

---

*This rule has since been rescinded.

A court of common pleas has the jurisdictional authority to entertain appeals from an arbitator's award. Specifically, 42 Pa. C.S.A. §933(b) provides:

"(b) Awards of arbitrators.—Except as otherwise prescribed by any general rule adopted pursuant to section 503, each court of common pleas shall have jurisdiction of petitions for review of an award of arbitrators appointed in conformity with statute to arbitrate a dispute between a government agency, except a Commonwealth agency, and an employee of such agency. The application shall be deemed an appeal from a government agency for the purposes of section 762(4) (relating to appeals from courts of common pleas) and *Chapter 55 (relating to limitation of time)."* (Emphasis supplied.)

The only reference found in Chapter 55 regarding an appeal period is section 5571 which is entitled "Appeals Generally." Thus, it appears that the Association is correct in its contention that the 30-day period is governed by section 5571(b). The time begins to run on the date of the entry of the arbitrators' award, that is, on December 22, 1980.

Finally, we would like to note that, regardless of which provision is applicable, Rule 247.1 or section 5571(b), the intent and purpose of either section is to commence the running of the appeal's period on the day the parties have notice of the award. See City of Jeannette v. Order of Police, 477 Pa. 583, 385 A.2d 351 (1978). At oral argument, the petitioner conceded that it received notice of the arbitrators' award on December 22, 1980, the date it was issued.

We, therefore, conclude that petitioner's appeal is untimely. Since we are without jurisdiction to hear the appeal, the Association's motion to quash will be granted.

## ORDER

Now, this June 18, 1981, the motion of the International Association of Firefighters, AFL-CIO, Local 669, to quash the appeal filed by the City of Scranton is hereby granted.