658 A.2d 1372

**Frederick V. JOHNSON, Appellee,**

v.

**David Lee SINGLETON, Appellant.**

Superior Court of Pennsylvania.

Submitted April 17, 1995.

Filed May 26, 1995.

Gregory S. Olsavick, Altoona, for appellant.

Richard M. Serbin, Altoona, for appellee.

Before HUDOCK, SAYLOR and HESTER, JJ.

HUDOCK, Judge:

This is an appeal from the judgment entered in the Court of Common Pleas of Cambria County which ordered Appellant David Lee Singleton to pay post-judgment interest at a rate of six percent per annum on the molded verdict as of the date of the February 5, 1993, jury verdict. We affirm.

The detailed procedural history of this matter may be summarized as follows: On October 22, 1983, Appellee was injured in a vehicular/pedestrian collision. A complaint seeking damages for the injuries sustained was filed on December 3, 1984 in the Court of Common Pleas of Blair County. By order of court, venue of the matter was transferred to Cambria County. The matter proceeded to trial and, on October 27, 1989, the jury reached a verdict in favor of Appellee. The jury however apportioned damages since it found Appellee to be forty-five percent negligent and Appellant to be fifty-five percent negligent. Following denial of timely filed post-trial motions, Appellant filed an appeal to this Court. This Court

reversed the judgment entered on the jury's verdict and remanded to the trial court for a new trial. *See Johnson v. Singleton,* 417 Pa.Super. 660, 603 A.2d 1084 (1991) (table).

The second trial in this matter commenced on February 1, 1993, and concluded on February 5, 1993. The jury found for Appellee, determining that Appellant was the sole cause of Appellee's injuries. The jury awarded Appellee damages in the amount of $210,000.00. Appellant's post-trial motions were withdrawn prior to their disposition. Within ten days of the verdict, Appellee timely filed a motion to mold the verdict to include delay damages. *See* Pa.R.C.P. 238, 42 Pa.C.S.A. By order dated December 13, 1993, the trial court granted Appellee's motion and molded the verdict to include delay damages in the amount of $174,532.84. On December 15, 1993, Appellee filed a praecipe for entry of judgment of the jury's February 5, 1993, verdict, including delay damages. Thereafter, Appellee amended his praecipe for entry of judgment, this time asking that post-judgment interest in the amount of six percent be assessed against Appellant as of the date of the verdict. By order dated July 18, 1994, the trial court granted Appellee's request for post-judgment interest and added the amount of $33,374.88 to the already molded verdict. On July 22, 1994, judgment was entered in favor of Appellee as follows:

| | |
|---|---|
| Molded Verdict | $384,532.84 |
| Interest From 2/5/93–7/18/94 (As Computed by the Order of Court dated July 18, 1994) | $ 33,374.88 |
| JUDGMENT AS OF JULY 18, 1994 | $417,907.72 |

*See* Prothonotary's Entry of Judgment, at p. 1. This direct appeal followed.

■ On appeal, Appellant argues that the trial court erred in imposing post-judgment interest on the molded verdict. He points out that even though the petition for delay damages was timely filed, the trial court did not hear oral argument on the motion until August 27, 1993, and did not render a decision

on the motion until December 13, 1993. He stresses that Appellee did not even petition for the addition of post-judgment interest until December 22, 1993. Because of the delay in determining the amount of the molded verdict and Appellee's failure to petition for post-judgment interest until December 22, 1993, Appellant asserts that it was error for the trial court to assess post-judgment interest from the time of the jury verdict. Appellant avers that post-judgment interest should accrue either from the date of the trial court's order assessing post-judgment interest, or, in the alternative, from December 13, 1993, the date that the verdict was molded. Because Appellant's claim is clearly without merit, we affirm the decision of the trial court.

Section 8101 of the Judiciary Act provides:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa.C.S.A. § 8101. In *Kessler v. Old Guard Mutual Insurance Company*, 391 Pa.Super. 175, 570 A.2d 569 (1990), this Court explained:

> "The general rule is that a plaintiff is entitled to interest on a judgment from the date of the verdict." *Sands v. Pennsylvania Insurance Guaranty Association*, 283 Pa.Super. 217, 227, 423 A.2d 1224, 1229 (1980). See: 42 Pa.C.S. § 8101. "[F]or purposes of computing interest, judgment and verdict are synonymous, and the date from which interest accrues is the date of verdict, not the date judgment is finally entered." *Incollingo v. Ewing*, 474 Pa. 527, 537, 379 A.2d 79, 84 (1977).

*Id.* at 571–72 (footnote omitted). Moreover, this Court stated that, "where the amount of a verdict has been corrected upward by the trial court to reflect the correct amount due, interest should begin to run on the correct amount from the date of the verdict." *Id.* at 572. In *Woods v. Commonwealth, Department of Transportation*, 163 Pa.Commw. 379, 641 A.2d

633 (1994), the Commonwealth Court determined that post-judgment interest could be assessed against delay damages awarded pursuant to Pa.R.C.P. 238.[1] Thus, in the present case, Appellee, as was correctly determined by the trial court, is entitled to post-judgment interest on any unpaid portion of the molded jury verdict, and such interest accrues from the date of the verdict, regardless of when the petition is filed. We cannot hold, as Appellant urges us to do, that a request for post-judgment interest must be filed at the same time as a request for delay damages.

■ We now turn to Appellee's motion which states that Appellant's appeal is frivolous, entitling him to costs and attorney's fees. Appellee avers that fees and costs are warranted because Appellant, without ever having contested the jury's verdict, has not made any payment on the verdict, yet is now using the appellate system to further add to the delay in payment. Under Pennsylvania Rule of Appellate Procedure 2744, an appellate court may award counsel fees and costs if it determines that an appeal is frivolous. Pa.R.A.P. 2744, 42 Pa.C.S.A. "An appeal is not frivolous simply because it lacks merit. A claim is frivolous, however, if it has no basis in law or fact." *Winpenny v. Winpenny*, 434 Pa.Super. 348, 354, 643 A.2d 677, 680 (1994) (citation omitted).

1. In reaching its decision, the Commonwealth Court analogized the post-judgment interest issue to the issue addressed in *Ralph Myers Contracting Corporation v. Commonwealth, Department of Transportation*, 496 Pa. 197, 436 A.2d 612 (1981). The *Myers* court was not presented with the issue of whether post-judgment interest should be added to a molded verdict since the action dealt with a contract dispute within the jurisdiction of the Board of Arbitration of Claims. In *Myers*, Myers was awarded an amount of principal plus interest. When the balance was unpaid, Myers sought interest on top of the award that he already received. Although dealing with a different issue, the *Woods* court adopted the following rationale from *Myers* :

> Quite simply put, interest awarded as to the principal amount of the claim *merges* with the principal awarded and becomes thereby an integral part of the judgment, thus, Myers is entitled to be compensated for the delay from entry of the award of principal amount plus interest to date of payment in full, with interest computed at the rate of 6% per annum.

*Myers*, 496 Pa. 204, 436 A.2d at 615 (emphasis in original).

Although our research reveals that the Commonwealth Court has clearly spoken on the issue raised herein by Appellant, our Court has not. We are constrained, then, to deny Appellee's request for attorney's fees and costs. It is well-settled that this Court is not bound by decisions of the Commonwealth Court, and we cannot say it was frivolous for Appellant to attempt to convince us to adopt a position contrary to that of Commonwealth Court.

Judgment affirmed. Appellee's motion for counsel fees and costs is denied.