**Kenneth J. SCOTT and Marcey Scott, His Wife, Appellees,**

v.

**ERIE INSURANCE GROUP, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 25, 1997.

Filed Jan. 20, 1998.

Thomas A. Lonich, Washington, for appellant.

Douglas R. Nolin, Washington, for appellees.

Before DEL SOLE, EAKIN and HESTER, JJ.

HESTER, Judge.

Erie Insurance Group appeals from the December 18, 1996 order wherein the trial court affirmed an arbitration award entered in favor of Kenneth and Marcey Scott, appellees. Appellant argues the trial court erred by not granting its petition to vacate the arbitration award. We affirm.

The record reveals the following. Appellees purchased an automobile insurance policy from appellant. This policy included uninsured and underinsured motorists benefits

---

coverage. On March 10, 1994, Mr. Scott was injured in an automobile accident. Pursuant to the terms of the policy, the dispute about coverage and damages was submitted to arbitration under the Pennsylvania Arbitration Act of 1927.

Following a hearing, the arbitrators entered·an award in favor of appellees on June 17, 1996. They specifically awarded the sum of $50,000 for Mr. Scott's claim and $5,000 for Mrs. Scott's loss of consortium claim. The arbitrators also awarded appellees $13,-411.86 for medical expenses. The arbitrators noted the parties had stipulated that appellees received $15,000 from the tortfeasor's insurer. Accordingly, the total award of $68,411.86 was reduced by $15,000 to a final award of $53,411.86.

On July 17, 1996, appellant filed a petition to vacate the award of the arbitrators. Appellant asserted that $12,586.86 of the award of medical expenses of $13,411,86 was contrary to law and erroneous. It claimed that Mr. Scott's physical therapy expenses would have been paid by his insurer if a physical therapy practice group which was qualified as a provider in the Health America network had treated Mr. Scott. The trial court denied appellee's petition to vacate $12,586.86 of the arbitrators' award. It determined that the arbitrators had decided as an issue of fact that Mr. Scott was not eligible to receive reimbursement for these expenses by Health America, Mr. Scott's health insurer, so that these expenses should be paid by appellant's underinsured motorist benefits provision of its policy. This appeal followed.

Appellant notes that Mr. Scott was insured under a policy issued by Health America. He was billed $12,586.86 by Three Rivers Rehabilitation for physical therapy provided between May 16, 1994, and January 26, 1995. Mr. Scott's primary health care physician, Dr. Kevin Boehm, referred him to Dr. William Frost and Three Rivers Rehabilitation. However, Three Rivers Rehabilitation was not a qualified provider in the Health America network. Consequently, Health America refused to pay the physical therapy bills. The arbitrators held that appellant, as the next responsible insurer, was liable to pay these expenses under the underinsured mo-

torist coverage provisions of its policy. Appellant argues this is an error of law since physical therapy expenses would have been paid or were payable under the Health America policy if appellant had been treated by physical therapist providers in its network.

■ In support of its argument, appellant first cites 75 Pa.C.S. § 1722, which provides (emphasis added):

In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages as set forth in this chapter, or workers' compensation, or any program, group contract, or other arrangement for payment of benefits as defined in Section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits *paid or payable* under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in Section 1719.

Appellant then cites to 75 Pa.C.S. § 1719, which provides (emphasis in original):

(a) *General Rule.*—Except for workers' compensation, a policy of insurance issued or delivered pursuant to this subchapter shall be primary. Any program, group contract or other arrangement for payment of benefits such as described in section 1711 (relating to required benefits) 1712(1) and (2) (relating to availability of benefits) or 1715 (relating to availability of adequate limits) shall be construed to contain a provision that all benefits provided therein shall be in excess of and not in duplication of any valid and collectible first party benefits provided in section 1711, 1712 or 1715 or workers' compensation.

(b) *Definition.*—As used in this section the term *"program, group contract or other arrangement"* includes, but is not limited to, benefits payable by a health insurance plan corporation or a·professional health service corporation subject to 40 Pa.C.S. Ch. 61 (relating to professional

hospital plan corporations) or 63 (relating to professional health services plan corporations).

Relying on these provisions, appellant argues that as a health insurer, Health America is the primary insurer. It asserts the condition precedent to Mr. Scott being covered for physical therapy was his being treated by a qualified provider in the Health America network. Appellant contends that since Mr. Scott would have been eligible for health coverage if he had satisfied the condition precedent, the benefits were "payable" and thus, it is not liable to pay them.

In *Nationwide Ins. Co. v. Calhoun,* 430 Pa.Super. 612, 635 A.2d 643 (1993), we indicated the standard of review in an appeal from a proceeding to modify or vacate an arbitration award where an arbitration hearing was held. In 1980, the Arbitration Act of 1927 was repealed and replaced with The Pennsylvania Uniform Arbitration Act, 42 Pa.C.S. § 7301 et seq., which now governs agreements providing for arbitration under the former Arbitration Act of 1927. In Calhoun, we quoted 42 Pa.C.S. § 7302(d)(2), and stated:

> (2) Where this paragraph is applicable, a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of the subject subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

*Id.,* 430 Pa.Super. at 618, 635 A.2d at 646 (emphasis omitted).

Bearing this standard in mind, we examine appellant's argument. We conclude the trial court correctly determined that the arbitrators had found as a fact that Mr. Scott was not eligible to receive health coverage for his physical therapy. Three Rivers Rehabilitation was not a Health America provider. There is no way Mr. Scott can be covered or

claim these expenses after he incurred them in the manner which he did.

Appellant nevertheless asserts that it is entitled to judgment since Mr. Scott had the responsibility to seek treatment from a qualified provider as a condition precedent to treatment, and he failed to do so. Appellant relies on 42 Pa.C.S. § 1722 and contends that although the bills were not paid by Health America, they were "payable" if Mr. Scott properly sought treatment from a qualified provider. Accordingly, appellant contends, it is not responsible for these bills as a matter of law.

We disagree. Since the condition precedent of network participation was not met, these bills are not "payable." Appellant seeks as a matter of law to have us conclude that these bills could have been payable. This is not the standard in 42 Pa.C.S. § 1722. Mr. Scott was required to seek a qualified provider not by statute but under the provisions of his health insurance policy. Appellant cites no authority for its assertion that Mr. Scott bears sole responsibility for not seeking treatment from a qualified provider in a coordination of benefits situation. Rather, appellant is challenging the undeniable fact that Mr. Scott is not covered. The word "payable" is generally defined as capable of being paid. *See Schroeder v. Schrader,* 453 Pa.Super. 59, 69, 682 A.2d 1305, 1310 (1996). Nothing now can alter the situation to make Health America cover Mr. Scott's expenses. "Could have been paid" does not equate to "payable" since it involves an alteration of what in fact occurred.[1]

■ Next, appellees contend that they are entitled to judgment interest from the date of the arbitration award. In support of this assertion, they rely on *Cotterman v. Allstate Insurance Co.,* 446 Pa.Super. 202, 214, 666 A.2d 695, 701 (1995), where we stated, "It is well established that interest runs from the date the award of arbitrators is entered...." *See also* 42 Pa.C.S. § 8101, which provides: "Except as otherwise provided by another

---

1. At the time the arbitration hearing was held, the claim for rehabilitative services was denied by Health America and, therefore, was not "paid" or "payable." Consequently, the bill for rehabilitative services was a legitimate claim against appellant. We do not determine whether there is any basis upon which appellant may seek recovery against Health America through subrogation.

statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment ·is not entered upon a verdict or award." This award of interest is not altered by the fact that appellant filed the present appeal. *See Koolvent Aluminum Awning Co. of Pittsburgh v. City of Pittsburgh,* 192 Pa.Super. 650, 162 A.2d 256 (1960) (an appeal does not suspend the running of judgment interest). Consequently, we award appellees judgment interest from June 17, 1996, the date of the award of the arbitrators.

Order affirmed.