Lois PEREL and Marvin Perel, Appellants,

v.

LIBERTY MUTUAL INSURANCE CO., Appellee.

Superior Court of Pennsylvania.

Argued May 7, 2003.

Filed Dec. 10, 2003.

---

Manuel A. Spigler, Trevose, for appellants.

Andrew E. Dremann, Philadelphia, for appellee.

Before: DEL SOLE, P.J., JOHNSON and BECK, JJ.

BECK, J.

¶ 1 We consider post judgment interest: when it begins to accrue and when it ends.

¶ 2 Plaintiffs-appellants Lois and Marvin Perel were awarded underinsured motorist (UIM) benefits from defendant-appellee Liberty Mutual Insurance Company (LMIC) at arbitration proceedings. LMIC paid the principal amount of the award plus some post judgment interest. By petition to the Court of Common Pleas of Philadelphia County, the Perels sought additional post judgment interest, but this request was denied. The Perels filed this timely appeal.[1] We reverse and remand.

¶ 3 The arbitration took place on June 5 and June 7, 2002, and the arbitrators met on June 20, 2002, at which time they decided to award the sum of $440,833.15 to the Perels. The arbitration award itself, signed by the arbitrators, is dated June 20, 2002. However, according to the trial court, the award was "prepared" on June 21, 2002, and "finalized and mailed" to the parties on July 9, 2002. On July 17 or 19, LMIC "issued" a check for the principal award,[2] and also paid post judgment interest from July 9 through July 19, 2002. According to the Perels, the check cleared and the funds were made available in their attorney's escrow account on July 25, 2002.

¶ 4 In their petition to confirm the arbitration award, the Perels sought post judgment interest for the entire period between June 20, the date on the arbitration award, and July 25, the date funds were available in their attorney's account. The trial court denied the request, and determined that LMIC owed the Perels post

---

1. Technically, this appeal lies from the trial court's order denying the Perels' Petition to Confirm Arbitration Award, and we review it for an abuse of discretion or error of law. *Sage v. Greenspan,* 765 A.2d 1139 (Pa.Super.2000). We note, however, that the trial court's order denying the "petition to confirm" did not serve to undermine the principal arbitration award itself, but simply rejected the Perels' claim that they were entitled to more post judgment interest.

2. The trial court found as a fact that payment was "issued" on July 17, 2002, but LMIC's pleadings indicate it mailed its check for the principal award on July 19, 2002. The trial court's finding may have been based on a statement in LMIC's Memorandum of Law in Opposition to the Motion to Confirm Award of Arbitrators that payment of the principal amount was "issued" on July 17, 2002.

judgment interest only from July 9, the date the arbitration award was "finalized and mailed," through July 19, 2002. In this appeal, the Perels assert the trial court erred in failing to award additional post judgment interest, from June 20 through July 8, and from July 20 through July 24.[3]

¶ 5 In Pennsylvania, awards of post judgment interest are governed by statute. Section 8101 of title 42 provides:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa.C.S. § 8101 (Purdon 1998). The statute clearly indicates that interest begins to accrue on the date of the award, and the date of the award in this case was June 20, 2002.

¶ 6 The trial court determined, however, that interest did not begin to accrue against LMIC until July 9, 2002, the date the award was "finalized and mailed" to the parties. There is no explanation in the record of what the term "finalized" signifies. However, we have held that the date of the original award or verdict is the significant start date for the accrual of interest, even where the verdict was later molded or otherwise corrected. *See, e.g., Johnson v. Singleton,* 442 Pa.Super. 206, 658 A.2d 1372 (1995) (post judgment interest under 42 Pa.C.S. § 8101 is payable from the date of the verdict, not from later date when verdict was finally molded after

post trial motions); *Kessler v. Old Guard Ins. Co.,* 391 Pa.Super. 175, 570 A.2d 569, 572 (1990) (even where the verdict amount had to be corrected after the date of the verdict, post judgment interest still ran from the date of the verdict).

¶ 7 In *Cotterman v. Allstate Ins. Co.,* 446 Pa.Super. 202, 666 A.2d 695 (1995), arbitrators issued an award in favor of the plaintiff on September 15, 1994. The defendant then "received notice of the award" and filed a petition to vacate, modify or correct the award. *Id.* The petition was denied, the award was molded to reflect certain payments, and the court entered judgment on the molded award on January 30, 1995. We affirmed the trial court's order granting post judgment interest from September 15, 1994, holding "Section 8101 provides that interest is to run from the date of said award, not from the date of the judgment." *Id.* The fact that the defendant in *Cotterman* evidently received notice of the September 15 award some time after that date had no bearing on the date from which interest was held to run. *Id. See also Scott v. Erie Ins. Group,* 706 A.2d 357 (Pa.Super.1998) (interest runs from date of arbitration award in favor of plaintiff, regardless of whether defendant filed an appeal).

¶ 8 More recently, we have held that a plaintiff is entitled to § 8101 interest from the date of a consent decree, even though it was not reduced to judgment until a later date. *Osial v. Cook,* 803 A.2d 209 (Pa.Super.2002). For purposes of computing § 8101 interest, judgment and verdict are synonymous. *Id.* at 215.[4]

---

**3.** The Perels make a vague argument that LMIC waived its right to oppose their request for more interest, since it never filed a petition to vacate, modify or correct the arbitration award pursuant to 42 Pa.C.S. § 7314. This assertion fails because LMIC does not seek to challenge the amount of the principal

award itself, but merely the Perels' claim that they should be awarded more interest.

**4.** Cases defining the start date for post judgment interest as the date of verdict are clearly distinguishable from cases determining when the thirty-day appeal period begins, defined by rule as the date an order or award is

¶ 9 We therefore hold that the trial court erred in holding that post judgment interest began to run from the later date of July 9, the date the arbitration award was "finalized and mailed" rather than the actual date of the award, June 20. LMIC is liable to the Perels for additional interest from June 21, 2002 through July 8, 2002.[5]

¶ 10 Next, we turn to the question of when LMIC's obligation to pay interest on the June 20 arbitration award ended. LMIC has already paid interest through July 19, 2002, but the Perels claim they are entitled to interest through July 24, since they did not receive LMIC's check until July 23,[6] and actual use of the funds in their own account until July 25, 2002.

¶ 11 We have held generally that post judgment interest stops running upon "payment." *Osial v. Cook, supra; Kessler v. Old Guard, supra. See also Equitable Gas Co. v. Wade*, 812 A.2d 715 (Pa.Super.2002) (interest stopped accruing once defendant "paid" judgment). However, these cases did not consider the question of what constitutes "payment" for purposes of ending the obligation to pay post judgment interest.

¶ 12 The term "payment" has been defined as "performance of an obligation, usually by the delivery of money." Black's Law Dictionary 1150 (7th Ed.1999). The trial court held that LMIC's obligation was fulfilled once it *mailed* the check for the principal amount of the award to the Perels' counsel, and thus additional interest did not accrue beyond that date. We do not agree. We believe that receipt of payment by the creditor is the proper cut-off date for payment of interest. This way, the debtor does not get free use of funds that belong to the creditor during the mail delay. Though the difference may be just a few days, interest on large awards obviously grows very quickly. We note that a debtor can control the date the creditor receives the money by transferring the money electronically or by use of a delivery service instead of regular mail.

¶ 13 However, we also reject the Perels' argument that interest should continue to run until LMIC's check cleared, and they received actual use of the funds. Such a requirement would be subject to too many variables, including the possibility that creditors or their counsel could hold a payment check without depositing it, that banks and check cashing agencies have holding policies of their own, and other potential factors that would unfairly lengthen the duration of the debtor's obligation to pay post judgment interest.[7]

entered on the docket. *See* Pa.R.App.P. 903 (appeal must be filed within 30 days from entry of final order). *Compare City of Jeannette v. Fraternal Order*, 477 Pa. 588, 385 A.2d 351 (1978) (for purposes of determining 30-day appeal period, the date all parties received a copy of the AAA arbitration award was "date of the award").

5. The Perels calculate interest at the statutory rate of 6% accrued on the award of $440,833.15 at $72.47 per day ($440,833.15 × .06 divided by 365). LMIC does not dispute this basic calculation.

6. The trial court stated that the Perels' counsel received the check on July 21, 2002, but that was a Sunday.

7. We are not persuaded to hold otherwise by *Doodan v. Szawlinsky*, 197 Pa.Super. 623, 179 A.2d 661 (1962), cited by the Perels. There, the judgment debtor—an insurer—tried to pay just half of a $10,000 judgment by issuing a check of $5,348.35 to the plaintiff. The plaintiff disputed the amount of the check he received and refused to endorse it. The Superior Court held that the insurer's issuance of the check was not "payment" because the plaintiff had not accepted it, and the debt remained outstanding. *Doodan* did not address the question of post judgment interest, and thus is distinguishable from the instant case. *Compare Diskin v. Philadelphia Police Pension Fund Ass'n*, 367 Pa. 273, 80 A.2d 850 (1951) (where plaintiffs' decedent received

¶ 14 We conclude that, for purposes of calculating post judgment interest, payment necessarily occurs when the amount of the verdict (or an otherwise agreed-upon amount)—whether sent by mail, courier, electronic funds transfer, or other mode of delivery—is received by the creditor (or the creditor's representative). Therefore, LMIC remained liable for post judgment interest until the Perels' counsel received LMIC's check for the principal amount of the award. Unfortunately, the record does not clearly establish this date. The Perels claim it was July 23, 2002, while LMIC states it was some time before that. We therefore remand the matter to the trial court for a hearing on the matter, and for subsequent entry of an appropriate order.[8]

¶ 15 Reversed and remanded for further proceedings. Jurisdiction relinquished.

but did not cash pension check, there was no "payment" by the defendant). There is no question here that the Perels accepted LMIC's check for the principal amount of the arbitration award.

8. We note that LMIC has paid interest from July 9, 2002 through July 19, 2002. If the date of receipt is determined to be July 23, 2002, additional interest must be paid for July 20, 21 and 22. This is in addition to the interest owed from June 21, 2002 through July 8, 2002, as discussed *supra*.