J-S38044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| INDUSTRIAL REAL ESTATE MANAGEMENT, INC. D/B/A HANMAR ASSOCIATES, MLP AND MARK HANKIN | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 1486 EDA 2025 |
| KEYSTONE GRANITE & TILE, INC. | : | |

Appeal from the Order Entered May 19, 2025
In the Court of Common Pleas of Montgomery County
Civil Division at No: 2020-20705

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 6, 2026**

Industrial Real Estate Management, Inc. d/b/a HanMar Associates, MLP and Mark Hankin (collectively, Appellants) appeal from the May 19, 2025 order denying their Motion to Release Funds for Statutory Post Judgment Interest. After careful consideration, we vacate the order and remand with instructions for the trial court to order payment of statutory post judgment interest in accordance with this Memorandum.

This case involves a commercial lease between Appellants, as landlord, and their tenant, Keystone Granite & Tile Inc. (Keystone). The lease required Keystone to deliver the leased premises to Appellants at the end of the lease in a condition similar to its original state. Appellants and Keystone disagreed as to the fulfillment of this condition, leading to litigation.

That litigation was bifurcated, with liability and damages proceeding separately. The liability phase originated in the Court of Common Pleas of Philadelphia County, was litigated in arbitration (Arbitration Award Case), transferred to the Montgomery County Court of Common Pleas, subsequently appealed, and ultimately assigned to the Honorable Gail A. Weilheimer. Damages were addressed in a confession of judgment proceeding, which was initiated in the Court of Common Pleas of Montgomery County and also assigned to Judge Weilheimer (Companion Case). The history of the bifurcated litigation and the assignment of separate dockets is pertinent to our analysis.

**Liability / Arbitration Award Case**

The arbitrator entered an award in Appellants' favor on February 25, 2020, concluding that Keystone was liable for breach of the written commercial lease. The arbitrator also ordered Keystone to pay Appellants a total of $119,067.15, with $19,067.15 for costs and $100,000 in attorneys' fees. Trial Court Opinion (TCO), 7/17/25, at 2-3. **See also id.** at Exhibit A (Companion Case TCO, 8/3/23, at Exhibit A (Arbitrator's Award, 2/25/20, at 20)). The award was confirmed by the Philadelphia Court of Common Pleas at Philadelphia County trial docket number 200701385, and judgment was entered on November 12, 2020. **Id**. at Exhibit A (Companion Case TCO, 8/3/23, at 5). The judgment was subsequently transferred to Montgomery County, and assigned the docket number reflected in the instant caption. Praecipe to Transfer Judgment, 12/15/20; **see also** TCO at Exhibit A

- 2 -

(Companion Case TCO, 8/3/23, at 5 and n.4). The parties cross-appealed to this Court, and the judgment on liability and fees was affirmed. ***Hankin & Indust. Real Est. Mgt. v. Keystone Granite & Tile, Inc.***, Nos. 2209 EDA 2020, 2022 WL 499832, *10 (Pa. Super. filed February 18, 2022) (unpublished memorandum).

### Damages / Companion Case

While the Arbitration Award Case proceeded, Appellants separately sought contractual damages by commencing litigation in the Court of Common Pleas of Montgomery County by filing a confession of judgment complaint on November 30, 2020. The trial court granted Keystone's petition to open the judgment on August 22, 2022. Notably, in the same order, Judge Weilheimer *sua sponte* consolidated the Arbitration Award Case with the Companion Case, and stayed Keystone's pending motion for release of escrowed funds held in connection with the $119,067.15 judgment for costs and attorneys' fees rendered in the Arbitration Award Case. ***See*** Order, 8/22/22, at 1, ¶¶ 2-3 (stating "[i]t is further ORDERED that Court Administration shall consolidate the related pending matter at docket number 2020-20705 [Arbitration Award Case] with the instant case [Companion Case] for purposes of judicial economy.… The hearing on the Motion to Release Escrow Funds (2020-20705) shall be stayed until a ruling has been issued on the amount of the judgment").

Judge Weilheimer held a hearing on January 9, 2023, to determine the amount of damages for Keystone's contractual breach. On March 15, 2023, Judge Weilheimer ordered Keystone to pay Appellants $106,003.40 in

damages. **See** Keystone's Response in Opposition to Motion to Release Funds for Statutory Post Judgment Interest, 5/15/23, at Exhibit A (Decision, 3/15/23, at final paragraph).[1]

On March 15, 2023, Judge Weilheimer entered the following order at the Arbitration Award Case docket:

> AND NOW, this 15th day of March, 2023[,] after a hearing, it is Ordered and Decreed that the Prothonotary shall release $119,067 … from the money escrowed in this matter and provide this amount to [Appellants]. This amount constitutes the arbitrator[']s award for legal fees and costs through the conclusion of arbitration. The balance of the escrowed money shall be held until further Order of this Court or written agreement of the parties.

Order, 3/15/23, at 1. That judgment was paid to Appellants on March 30, 2023. **See** Escrow Disbursement, 3/30/23; **see also** Appellants' Brief at 9 (reflecting disbursement of $119,067 was made on March 30, 2023). Therefore, as of March 30, 2023, Appellants had been paid the $119,067 in costs and attorneys' fees awarded in the Arbitration Award Case.

On April 27, 2023, Appellants moved for payment of post judgment interest in the amount of $22,094.53, which was calculated solely with reference to the $119,067.15. Motion to Release Funds for Statutory Post

---

[1] This Court affirmed the judgment on appeal. **Indust. Real Est. Mgt., Inc. v. Keystone Granite & Tile, Inc.**, 1512 EDA 2023, 2024 WL 4764696 (Pa. Super. filed November 13, 2024) (unpublished memorandum) (Damages Decision), *appeal denied*, 101 MAL 2025, 2025 WL 2302215 (Pa. 2025).

Judgment Interest, 4/27/23, 2-4.[2]  Appellants claimed interest from the date of the arbitration award (February 25, 2020) to the date of disbursement of the award (March 30, 2023).  ***See id.*** at 3.

On May 19, 2025, the trial court denied Appellant's Motion to Release Funds for Statutory Post Judgment Interest.  Order, 5/19/25, at 1.  In the order, the trial addressed the interconnection between the Arbitration Award Case and the Companion Case:

> Presently before the court is [Appellants'] Motion to Release Funds for Statutory Post Judgment Interest relative to attorney fees awarded in an arbitration matter involving the parties hereto.  The parties represented to the court that another matter docketed at 2020-20518 was consolidated with the instant matter.  In the matter docketed at 2020-20518[,] an August 22, 2022 order appears at docket sequence number 59, wherein the court *sua sponte* consolidated these aforementioned matters for judicial economy.  As a consequence the matter at 2020-20705, which has been concluded, has remained open through no fault of either party for the life of the [Companion Case] matter[.]

***Id.*** at n.1.[3]

_____

[2] We note a minor point that while the amount distributed to Appellants was $119,067, the amount of the confirmed arbitration award is $119,067.15.  In their motion, Appellants sought post judgment interest on the latter amount.

[3] As noted above, in the course of the Companion Case, Judge Weilheimer consolidated the instant matter (Arbitration Award Case) with the Companion Case.  Despite consolidation in the trial court, these matters maintained separate trial court docket numbers, and we reiterate that the disposition of damages was appealed separately after consolidation.  ***See*** Damages Decision.  Although the trial court consolidated both phases, ***see*** Order, 8/22/22, because the decision on damages was appealed separately at trial court docket 2020-20518 (Companion Case), and because the instant appeal involves a claim for post judgment interest from a separate order at a separate

*(Footnote Continued Next Page)*

On June 9, 2025, Appellants filed a timely appeal. The trial court did not direct Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed an opinion on July 17, 2025.

On appeal, Appellants raise the following issue:

> Whether the trial court abused its discretion by refusing to release statutory post judgment interest on a money judgment in favor of [Appellants]?

Appellants' Brief at 4.

Our standard of review of a trial court's decision to deny or grant a request to include post judgment interest is "whether the trial court palpably abused its discretion." **Young v. Lippl**, 251 A.3d 405, 423 (Pa. Super. 2021) (quoting **Zimmerman v. Harrisburg Fudd I, L.P.**, 984 A.2d 497, 500 (Pa. Super. 2009)).

The pertinent statute regarding post judgment interest provides:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of judgment, if the judgment is not entered upon a verdict or award.

---

trial docket (trial court docket 2020-20705, the Arbitration Award Case), we discern no hindrance to appellate review. **See, e.g., Always Busy Consulting, LLC v. Babford & Company, Inc.**, 247 A.3d 1033, 1036 (Pa. 2021) (citing Pa.R.A.P. 341, Official Note) (explaining "[w]here ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed.") (citation omitted).

42 Pa.C.S. § 8101.

"A prevailing party is entitled, as a matter of right, to interest at the lawful rate from the date of the verdict until such time as payment of the judgment is made[.]" *Lippl*, *supra* at 424 (citing 42 Pa.C.S. § 8101). "We have long held that statutory interest is a matter of right…." *Osial v. Cook*, 803 A.2d 209, 215 (Pa. Super. 2002). An intervening appeal does not suspend the accrual of judgment interest. *See Scott v. Erie Ins. Group*, 706 A.2d 357, 360 (Pa. Super. 1998). Furthermore, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *King v. Boettcher*, 537 Pa. 574, 645 A.2d 219, 222 (1994) (where our Supreme Court addressed another phrase of 42 Pa.C.S. § 8101 ("[E]xcept as otherwise provided by another statute…")). Here, we conclude the language of 42 Pa.C.S. § 8101, including the phrase "a judgment for a specific sum of money shall bear interest at the lawful rate…," is clear and unambiguous.

In its denial of Appellants' Motion to Release Funds for Statutory Interest, the trial court failed to apply 42 Pa.C.S. § 8101. We conclude that this was a misapplication of law and thus an abuse of discretion. "An abuse of discretion is not merely an error of judgment, but occurs only **where the law is overridden or misapplied**, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by

the evidence or the record." ***Zappala v. Brandolini Prop. Mgmt., Inc.***, 909 A.2d 1272, 1284 (Pa. 2006) (emphasis added).[4]

Accordingly, we vacate the order denying Appellants' Motion to Release Funds for Statutory Post Judgment Interest and remand to the trial court with instructions to award Appellants post judgment interest on the arbitration money judgment consistent with 42 Pa.C.S. § 8101 from the date of the arbitration order (February 25, 2020).[5]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/6/2026

---

[4] Keystone raises claims of *res judicata* and promissory estoppel in an attempt to bar Appellants' recovery of statutory post judgment interest. Keystone's Brief at 20. As Keystone provides no legal support for these claims, we decline to address them. "It is not the duty of this Court to develop a party's arguments." ***Jones v. Foods on First III, Inc.***, 345 A.3d 231, 248 (Pa. Super. 2025).

[5] "The statute [42 Pa.C.S. § 8101] clearly indicates that interest begins to accrue on the date of the [arbitration] award…." ***Perel v. Liberty Mutual Insurance Company***, 839 A.2d 426, 428 (Pa. Super. 2003).