J-A20021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RITA M. RICHARDS AND CAROLINE J. RICHARDS, CO-EXECUTRICES OF THE ESTATE OF JAMES G. RICHARDS, AND RITA M. RICHARDS AND CAROLINE J. RICHARDS, CO-EXECUTRICES OF THE ESTATE OF HELEN RICHARDS | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | No. 100 WDA 2021 |
| v. | : : : : | |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., RIVERSOURCE LIFE INSURANCE COMPANY, AND THOMAS A. BOUCHARD | : : | |

Appeal from the Order Entered December 17, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD 01-006614

BEFORE: PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: NOVEMBER 8, 2021**

Appellants, Rita M. Richards and Caroline J. Richards, coexecutrices of the estate of James G. Richards, and Rita M. Richards and Caroline J. Richards, coexecutrices of the estate of Helen Richards, purport to appeal from the January 14, 2021 judgment entered in the amount of $143,446.90 against Appellees, Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., Riversource Life Insurance Company, and Thomas A. Bouchard (collectively "Ameriprise"). After careful review, we affirm.

This case has a long, convoluted history that we need not delve into deeply. Instead, we only summarize the background most pertinent to the present appeal. Briefly, in 1994, Mr. Bouchard, a representative of IDS Insurance, the predecessor to Ameriprise, induced Mr. and Mrs. Richards to purchase a $100,000 universal life insurance policy. Mr. Bouchard represented that the annual premiums for the policy would remain level at $6,000, payable at $500 per month. Consequently, the Richards applied for the policy. In 2000, Mr. Bouchard advised Mr. Richards that a $15,053.59 prepayment in excess of the $500 monthly premium was needed to prevent the policy from lapsing. The Richards paid the $15,053.59 prepayment, and continued to pay the $500/month premium until Mr. Richards died in February of 2005, at which time Ameriprise paid the $100,000 death benefit to Mrs. Richards. *See Richards v. Ameriprise Financial, Inc.*, 217 A.3d 854, 859 (Pa. Super. 2019) (referred to herein as "*Richards II*").

After initiating this action by writ of summons against Ameriprise in 2001, Appellants filed a complaint in 2008, seeking damages for, among other things, a violation of the Unfair Trade Practice and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq*., based on the 1994 sale of the universal life insurance policy. They sought damages for the $15,053.59 lump sum payment made in 2000 to prevent a lapse of the policy, which they claimed contravened the terms of its purchase. *See Richards II*, 217 A.3d at 859-60.

Following a non-jury trial in November of 2014, the trial court entered a verdict in favor of Appellants solely on their UTPCPL claim and calculated actual damages at $15,053.59 plus interest (for a total of $34,006.44), and awarded treble damages of $102,019.32, and punitive damages amounting to $50,000. In addition, pursuant to Section 201.9-2(a) of the UTPCPL, the trial court awarded legal fees to Appellants' counsel, specifically $84,072.50 in attorneys' fees and $1,759.58 in costs to the law firm of Behrend and Ernsberger, and $26,840 in attorneys' fees to Massa Law Group. **See id.** at 860.[1, 2]

---

[1] Section 201-9.2(a) sets forth that:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. **The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.**

73 P.S. § 201-9.2(a) (emphasis added).

[2] Thus, this first fee award represents the time spent by Appellants' counsel through the non-jury verdict. **See** Appellants' Reply Brief at 12 ("[Appellants' f]irst [f]ee [p]etition was related to the trial of the UTPCPL claims, overcoming [Ameriprise's] tenacious defenses thereto, and [Ameriprise's] opposition to the award of any attorneys' fees.") (citation omitted).

Ameriprise appealed. This Court reversed the award of punitive damages, affirmed the remainder of the judgment, and remanded the case to the trial court to recalculate the damages without the $50,000 punitive damages award. *See Richards v. Ameriprise Financial, Inc.*, 152 A.3d 1027 (Pa. Super. 2016) ("*Richards I*").[3] Ameriprise sought *allocatur* from our Supreme Court, but the Court denied its petition. *Richards v. Ameriprise Financial, Inc.*, 170 A.3d 992 (Pa. 2017). *See generally Richards II*, 217 A.3d at 860.

On remand, on November 22, 2017, Appellants filed a second petition seeking attorneys' fees and costs for the work performed from December 2014 through November 2017, which included the first appeal and preparation of the second fee petition. Ameriprise filed a motion to strike the petition, which the trial court denied. After a hearing, on February 13, 2018, the trial court granted Appellants' second fee petition in its entirety, awarding $153,172 to Behrend and Ernsberger, $2,800 to Massa, Butler, and Giglione, and $789 in costs. Ameriprise appealed the second fee award. *See id.* at 861.

---

[3] In *Richards I*, we noted that Mrs. Richards died on November 6, 2015, and that her estate was now proceeding in her place. *See Richards I*, 152 A.3d at 1030 n.1. The dockets from the appeals at issue in *Richards I* show that Appellants had filed a suggestion of death and an application for substitution of a party in March of 2016. We subsequently granted Appellants' application and directed the Prothonotary to amend the caption accordingly. *See* Dockets at 265 WDA 2015, 307 WDA 2015. Nevertheless, the caption in the present appeal does not reflect the death of Mrs. Richards. Consequently, we order our Prothonotary's office to amend the caption to conform with the caption used in *Richards I*.

Thereafter, Appellants filed a third fee petition seeking attorneys' fees and costs for the preparation of their third fee petition, and for the defense of their second fee petition. Ameriprise objected to the petition, but the trial court granted Appellants' third fee petition in its entirety on March 20, 2018. The trial court awarded an additional $38,934 in fees to Attorney Kenneth Behrend, $4,650 to Attorney Rudolph Massa, and $17.90 in costs. Ameriprise appealed the third fee award. *See id.*

This Court reviewed the second and third fee awards in **Richards II**. There, *inter alia*, Ameriprise claimed that the trial court "erred on remand in its award of attorneys' fees under the UTPCPL for work on appeal, which awards included a 50% to 80% increase in counsel's hourly rate from the rates charged for the trial, included significant fees for seeking counsel fees and other work unrelated to the UTPCPL claim, and resulted in a total award of $331,480.90 in attorneys' fees for a claim for the return of a $15,000 premium payment[.]" *Id.* at 861-62.

In conducting our review, we initially determined that the trial court had jurisdiction to award Appellants statutorily-authorized attorneys' fees incurred in defending the first appeal. *Id.* at 867. We then considered Ameriprise's claim that the trial court abused its discretion in awarding $200,362.90 in attorneys' fees for the first appeal and preparation of the second and third fee petitions. *Id.* at 868. We discerned that the record supported the hourly rates charged by Appellants' counsel, *id.* at 869-70, but noted that "the total amount of the attorney[s'] fees awarded herein raises the specter of

- 5 -

disproportionality." *Id.* at 871. Nevertheless, we decided that we did not need to address proportionality because "remand is required to excise specific fees that should not have been awarded, to reduce fees that are excessive, and for a re-examination of specific line items in the fee petition…." *Id.* We explained that, though an award of reasonable attorneys' fees under the UTPCPL for preparing fee petitions is consistent with the legislature's aim of encouraging experienced attorneys to litigate such cases, we agreed with Ameriprise that Appellants' counsel "spent an inordinate number of hours preparing the second and third fee petitions." *Id.* at 872. We also discerned that the trial court abused its discretion in awarding fees associated with the preparation of an unopposed petition to publish and observed that the trial court failed to scrutinize certain entries in the fee petitions that Ameriprise challenged. *Id.* Accordingly, we imparted that:

> We affirm Appellant[s'] entitlement to appellate attorney[s'] fees at the rates charged, but vacate the February 13, 2018 and March 20, 2018 orders granting Appellants' second and third fee petitions…. Specifically, … we reverse the award of attorney[s'] fees for the petition to publish, and remand for an overall reduction in the hours/fees attendant to the preparation of the fee petitions themselves, a circumspect assessment of the accuracy and reasonableness of the complained-of line items, and the entry of a new attorney[s'] fee award consistent with this Opinion.

*Id.* at 873.

The case was thereby remanded to the trial court.[4] On remand, Appellants revised their second fee petition in light of the *Richards II* opinion,

---

[4] On remand, the case was assigned to a different judge. *See* Appellants' Brief at 10-11.

requesting $115,086, instead of $153,172. They re-submitted their third fee petition without change, continuing to request $38,934. They also sought an award of interest. **See** Appellants' Brief at 11, 14 (citing Appellants' Sur-Reply to Ameriprise's Brief in Opposition to Appellants' Revised Second and Third Fee Petitions, 7/1/20, at 24).[5] Ameriprise filed a brief in opposition, and Appellants submitted a reply.

On October 30, 2020, the trial court ordered the following:

1. [Appellants'] [s]econd [f]ee [p]etition is GRANTED, in part, and [Appellants] are awarded attorneys['] fees[] in the amount of $106,995 payable to Behrend Law Group, as well as costs in the amount of $790. An additional $2,800 is awarded to Massa Law LLC.

2. [Appellants'] [t]hird [f]ee [p]etition is GRANTED in part, and [Appellants] are awarded attorneys['] fees[] in the amount of $28,194.00 payable to Behrend Law Group, as well as costs in the amount of $17.90. An additional $4,650 is awarded to Massa Law Group.

Order, 10/30/20 (single, unnumbered page). In addition, the trial court issued an accompanying opinion, in which it set forth how it reached its awards. **See** Trial Court Opinion, 10/30/20, at 4-5 (unnumbered pages).

---

[5] Specifically, with respect to post-judgment interest, Appellants requested "[a]n award of $78,159 in counsel fees ***plus accrued interest from September 21, 2019 to June 30, 2020 in the amount of $3,636 to Behrend Law Group*** since [Ameriprise] ha[s] failed to raise any valid objection to the payment of such fees[,]" and "[a]n award of $7,450 in counsel fees ***plus accrued interest from August 21, 2019 to June 30, 2020 in the amount of $372.30 to Massa Law Group*** since [Ameriprise] ha[s] failed to raise any valid objection to the payment of such fees." **See** Appellants' Sur-Reply to Ameriprise's Brief in Opposition to Appellants' Revised Second and Third Fee Petitions, 7/1/20, at 24 (emphasis added).

Therein, the trial court does not mention any award for post-judgment interest. *Id.*

Subsequently, on November 17, 2020, Appellants filed a motion to compel post-judgment interest. In their motion, they averred — for the first time — that interest should run on the new fee awards from the dates the second and third fee petitions were originally granted in February and March of 2018, respectively. However, they complained that Ameriprise represented that it would only pay interest from October 30, 2020, *i.e.*, the date of the trial court's order entering a new attorneys' fee award. As a result, Appellants requested that the trial court enter an order compelling Ameriprise to pay interest on the second fee petition award from February 13, 2018, and on the third fee petition award from March 20, 2018.[6]

On December 17, 2020, the trial court entered an order denying Appellants' motion, determining that interest on the second and third fee petitions is payable from October 30, 2020. On January 14, 2021, Appellants filed a praecipe for entry of judgment in the amount of $143,446.90, which reflected the combined totals of the amounts awarded in the trial court's October 30, 2020 order. On January 15, 2021, Appellants filed a notice of appeal, purporting to appeal from "the [j]udgment entered on January 14, 2021 regarding the [o]rder of [c]ourt dated and entered in this matter on

---

[6] In Appellants' motion to compel post-judgment interest, they did not claim that the trial court failed to rule on any requests for post-judgment interest they had made in their revised second and third fee petitions.

October 30, 2020[,] and the [o]rder of [c]ourt dated December 15, 2020 and entered in this matter on December 17, 2020." *See* Notice of Appeal, 1/15/21, at 1. The trial court ordered Appellants to file a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and they timely complied. Thereafter, the trial court issued an opinion pursuant to Rule 1925(a).

Appellants raise the following two issues for our review:

1. On remand, a trial court's authority is limited by the directions given by the appellate court. Here, this [C]ourt directed the trial court to perform "an overall reduction in the hours/fees attendant to the preparation of the fee petitions themselves[."] [Appellants] requested $1,860 in fees for preparing the [t]hird [f]ee [p]etition. The trial court reduced the prior award of fees requested in the [t]hird [f]ee [p]etition by $10,740. The [t]rial [c]ourt exceeded its authority.

2. Post-judgment interest rightfully begins to run from the date of the original award; not from a subsequent date, if the original award is modified. Upon remand, the trial court modified the amount of the original award of attorneys['] fees, but awarded interest from the subsequent date of modification, instead of the date of the original award. The trial court erred.

Appellants' Brief at 4.

Before reaching the merits of Appellants' issues, we must address the propriety of Appellants' appealing from the January 14, 2021 judgment. On March 23, 2021, this Court issued a rule to show cause why Appellants' appeal should not be quashed, observing:

[] Appellants filed a notice of appeal on January 15, 2021[,] seek[ing] to appeal from a judgment they purported to enter on January 14, 2021[,] on the trial court's October 30, 2020 order granting in part Appellants' second and third fee petitions. Where judgment is entered in the underlying litigation before the trial

- 9 -

court rules on a motion for counsel fees, the order on counsel fees is appealable when entered without the need for entry of judgment on it. *Carmen Enters. v. Murpenter, LLC*, 185 A.3d 380, 389 (Pa[.] Super[.] 2018)[,] citing *Miller Elec. Co. v. DeWeese*, 918 A.2d 114, 114 (Pa. 2007). Judgment in the instant case was entered on March 9, 2015, the verdict was amended on October 24, 2017, and judgment was entered on the amended verdict on May 8, 2018. Entry of judgment on the award of attorneys' fees was not necessary and this appeal, filed more than thirty days after the October 30, 2020 order, is untimely. *See* Pa.R.A.P. 903.

Order, 3/23/21, at 1 (unnumbered pages) (some capitalization omitted).

Appellants, thereafter, filed a timely response. At the outset, they said they "acknowledge[d] and agree[d] that the entry of judgment is not the date from which the thirty days [to appeal] begins to run. The entry of judgment was for the purpose of eliminating the failure to enter judgment as a possible procedural impediment to filing the appeal, and for no other reason." Response to Rule to Show Cause, 4/5/21, at 1 (footnote omitted). They then advanced two arguments as to why their appeal from the October 30, 2020 order should not be considered untimely. First, they asserted that "[t]he October 30, 2020 order was not a final order since it did not resolve all the issues raised in [Appellants'] revised second and third fee petitions. All issues presented in the revised second and third fee petitions were ultimately resolved by the trial court's December 17, 2020 order." *Id.* at 2 (emphasis and some capitalization omitted). They elaborated that the trial court's October 30, 2020 order "did not address [Appellants'] request for interest on the modified fee amount and, therefore, left the question of whether interest was owed on the modified attorneys' fees amount unresolved." *Id.*

- 10 -

Accordingly, Appellants averred that their notice of appeal was properly filed within thirty days of the entry of the December 17, 2020 order, which they characterized as the final order resolving all issues relating to the third fee petition. *Id.* at 7-8.

Second, and as an alternative argument, Appellants contended that neither the October 30, 2020 order nor the December 17, 2020 order are final orders because a fourth fee petition is still pending before the trial court. *See id.* at 5; *see also* Pa.R.A.P. 341(b)(1) (defining a final order as one that "disposes of all claims and of all parties").[7]  Thus, they suggested that all claims against all parties are not yet disposed of by the trial court, and therefore their appeal "should be quashed as interlocutory since it was filed prematurely, albeit in an abundance of caution to preserve any potential appellate rights."  Response to Rule to Show Cause at 8.  In addition, they distinguished *Carmen Enters.*, explaining that, when the trial court determined the amount of attorneys' fees in that case, that order was the last and final order in the case.  *Id.* at 6.

Following Appellants' response, this Court entered an order discharging the rule to show cause, explaining that the merits panel may revisit the issue of the propriety of their appeal.  We do so now.

_____

[7] Appellants say that the fourth fee petition "is based upon the time expended for responding to [Ameriprise's] second appeal in this case which resulted in the 2019 [o]pinion of this Court[, *Richards II*]."  Appellants' Brief at 42 n.9. Appellants filed the fourth fee petition on November 25, 2020, weeks after the trial court had already entered its October 30, 2020 order.

This Court has explained that "[t]he extent to which the order of a trial court is appealable raises a question of law; thus, our scope of review is plenary and our standard of review is *de novo*." ***Carmen Enters.***, 185 A.3d at 388 (citations omitted). In addition, "because the question of appealability implicates the jurisdiction of this Court, a non-waivable matter, we are not only permitted but required to determine the appealability of the order that we have been asked to review." ***Id.*** (citation, quotation marks, and brackets omitted).

To begin, we examine ***Carmen Enters***. In ***Carmen Enters.***, a seller brought, *inter alia*, a breach of contract action against the buyer of its business to collect unpaid installment payments. ***Id.*** at 383-85. The contract at-issue provided that the buyer would pay the cost of any collection suit, including reasonable attorneys' fees. ***Id.*** at 384 n.4. The case eventually went to trial, and the trial court returned a verdict in favor of the seller. ***Id.*** at 385. The seller sought attorneys' fees pursuant to the contract, but the trial court denied its request. ***Id.*** at 386. The parties both appealed from the judgment entered, and we reversed the denial of attorneys' fees and remanded for the trial court to determine a reasonable fee. ***Id.*** at 385 n.9, 386. We affirmed the trial court's decision in all other respects. ***Id.*** at 386. On remand, the trial court entered an order awarding attorneys' fees. ***Id.*** The buyer filed a notice of appeal. ***Id.*** The seller filed a motion for reconsideration and "a self-designated 'protective' notice of appeal." ***Id.***

Upon review, we first considered whether the trial court's order awarding attorneys' fees was a final, appealable order. *Id.* at 388. We noted:

[The seller] argues that the order is not final and appealable, giving the trial court jurisdiction to consider its motion for reconsideration. This Court remanded to the trial court for the determination of a reasonable fee for [the seller's] legal services. The trial court did so. "An order allowing counsel fees is a final, appealable order." *In re Roos' Estate*, … 451 A.2d 255, 255 n.1 ([Pa. Super.] 1982) (citing *Henderson v. Henderson*, 327 A.2d 60 ([Pa.] 1974)).[14]

> [14] *See also Cheathem v. Temple Univ. Hosp.*, 743 A.2d 518, 520 (Pa. Super. 1999) ("[M]ere filing of a petition requesting reconsideration of a final order of the trial court does not toll the normal 30-day period for appeal from the final order[.]").

Furthermore, the claim would not merit relief because our predecessor panel affirmed the trial court's decision on [the seller's] claims in all respects, (including fees for other counsel), except for [the seller's] claim for [its] legal fees. Thus, once [the seller's] fee claim was decided, there was no other issue left to resolve.

The trial court's final order, which disposed of the only remaining issue, was entered in the docket on June 16, 2017. Where judgment is entered in the underlying litigation before the trial court rules on a motion for counsel fees, the order on counsel fees is appealable when entered without the need for entry of judgment on it. *See Miller Elec. Co. v. DeWeese*, … 918 A.2d 114, 114 ([Pa.] 2007).

*Carmen Enters.*, 185 A.3d at 388-89 (some internal citations omitted).

*Carmen Enters.* makes clear that Appellants' January 14, 2021 praecipe for entry of judgment was unnecessary. Having determined that Appellants should not have appealed from the January 14, 2021 judgment, we must decide from what order(s) Appellants should have appealed, and when the appeal period(s) began to run.

- 13 -

*Carmen Enters.* — citing *In re Roos' Estate* — sets forth that "[a]n order allowing counsel fees is a final, appealable order[.]" *Id.* at 388 (citation omitted); *see also id.* at 389 ("Where judgment is entered in the underlying litigation before the trial court rules on a motion for counsel fees, the order on counsel fees is appealable when entered without the need for entry of judgment on it.") (citation omitted). Further, our Supreme Court in *Miller Elec. Co. v. DeWeese*, 907 A.2d 1051 (Pa. 2006), applied the approach used by the Commonwealth Court that, "[w]here the entry of judgment is not required, the appeal period begins on the date of the order from which the appeal lies, rather than from the entry of judgment." *Id.* at 1057 (citations omitted). Accordingly, pursuant to this case law, we determine that the October 30, 2020 and December 17, 2020 orders were both appealable when entered, and that the pending fourth fee petition does not affect their appealability. As such, we reject Appellants' argument that the October 30, 2020 and December 17, 2020 orders are not final and appealable, rendering their appeal premature.

We also reject Appellants' other argument that the final order resolving all issues relating to the third fee petition was the December 17, 2020 order denying their request for post-judgment interest. We have already ascertained that "[a]n order allowing counsel fees is a final, appealable order[.]" *Carmen Enters.*, 185 A.3d at 388 (citation omitted). As Ameriprise observes, that Appellants "*subsequently* filed a [m]otion for [a]dditional [p]ost-[j]udgment [i]nterest did not alter the status of the October 30, 2020

[o]rder as a final order when it was entered." Ameriprise's Brief at 13 (emphasis in original). We agree. Appellants' subsequent motion did not affect the appealability of the October 30, 2020 order.

Moreover, we determine that the record does not support Appellants' argument that the trial court's October 30, 2020 order did not address their request for interest on the new fee awards, thereby leaving the question of whether interest was owed on the new fee awards unresolved until the trial court's December 17, 2020 order. **See** Response to Rule to Show Cause at 2 (representing that the revised fee petitions "requested[] that the trial court award interest on the modified amount of fees relating back in time[,]" and that "[t]he trial court's October 30, 2020 [o]rder did not address [their] request for interest on the modified fee amount"); Appellants' Brief at 14 ("In the [o]rder of October 30, 2020, the trial court made no ruling and left unresolved the question of whether interest was owed on the modified fee amount.") (citation omitted). Appellants do not show us where in their revised second and third fee petitions they specifically requested interest on the new fee awards from the time when the original orders awarding attorneys' fees were entered **in 2018**, and our own review of their petitions uncovers no such request. **See** Appellants' Brief at 11, 14 (citing Appellants' Sur-Reply to Ameriprise's Brief in Opposition to Appellants' Revised Second and Third Fee

Petitions, 7/1/20, at 24); *see also* footnote 5, *supra*.[8]  Further, in their subsequent motion to compel post-judgment interest, they did not aver that the trial court failed to dispose of their request for post-judgment interest on the new fee amounts.  Thus, Appellant's claim that the December 17, 2020 order should be considered the final order due to unanswered questions regarding post-judgment interest on the new fee amounts fails.[9]

Based on the foregoing, we conclude that Appellants needed to file separate notices of appeal from the October 30, 2020 order and the December 17, 2020 order.  Appellants failed to do so; instead, they filed a notice of appeal on January 15, 2021, purportedly from the January 14, 2021 judgment.  *See* Notice of Appeal, 1/15/21, at 1 ("[Appellants] file this appeal … from the [j]udgment entered on January 14, 2021 regarding the [o]rder of [c]ourt dated and entered in this matter on October 30, 2020 and the [o]rder of [c]ourt dated December 15, 2020 and entered in this matter on December 17, 2020.").  Because Appellants did not file a notice of appeal within thirty days of the October 30, 2020 order, we will not review their first issue, which

_____

[8] **Accord** Ameriprise's Brief at 8 ("After the trial court rejected their request for post-judgment interest, [Appellants] filed their motion for additional post-judgment interest.  [Appellants] claimed, **for the first time**, that they were entitled to post-judgment interest from the date of the trial court's original second and third fee awards even though these awards were subsequently vacated.") (internal citations and unnecessary capitalization omitted; emphasis added).

[9] Further, to the extent the trial court did not address or award Appellants the post-judgment interest they did request in their revised second and third fee petitions, *see* footnote 5, *supra*, we interpret the trial court's silence on that issue as signifying that it denied their request.

contests the amount of attorneys' fees the trial court awarded to them in its October 30, 2020 order in connection with their third fee petition. ***See*** Pa.R.A.P. 903(a) ("[T]he notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."); ***see also Affordable Outdoor, LLC v. Tri-Outdoor, Inc.***, 210 A.3d 270, 274 (Pa. Super. 2019) ("[A]n untimely appeal divests this Court of jurisdiction to hear the merits of the case.") (citation, quotation marks, and footnote omitted). However, we will construe their January 15, 2021 notice of appeal — which purported to appeal from the January 14, 2021 judgment — as challenging the trial court's December 17, 2020 order denying them post-judgment interest, and thereby reach the merits of their second issue.[10]

In Appellants' second issue, they argue that the trial court should have awarded post-judgment interest on the fee awards from the dates the trial court originally determined that they were entitled to such fees. ***See*** Appellants' Brief at 20. They say that "[a]ppellate caselaw shows that post-judgment interest rightfully begins to run from the date of the original award and not from a subsequent date should the amount of the original award be modified." ***Id.*** at 64 (citing ***Kennedy v. Kennedy***, 865 A.2d 878, 886 (Pa. Super. 2004) (the filing of an appeal does not affect when interest accrues since under 42 Pa.C.S. § 8101 the interest payment relates back to the original

---

[10] We have amended the caption accordingly.

date of the award); ***Perel v. Liberty Mutual Ins. Co.***, 839 A.2d 426, 428 (Pa. Super. 2003) ("[W]e have held that the date of the original award or verdict is the significant start date for the accrual of interest, even where the verdict was later molded or otherwise corrected.")). According to Appellants, "since the 'actual effect' of this Court's decision in ***Richards II*** was to affirm the entitlement to attorneys['] fees and to direct the trial court to modify the amount of fees, interest on the modified amount of the fee award should begin to run from the February 13, 2018 and March 18, 2018 [o]rders originally awarding attorneys['] fees related to the [s]econd and [t]hird [f]ee [p]etitions." ***Id.*** at 72 (citations omitted). Therefore, Appellants claim that the trial court erred in "ruling that interest was payable from the date of modification of the fee award amounts on October 30, 2020." ***Id.*** at 66.

"As with all questions of law, the appellate standard of review is *de novo* and the scope of review is plenary." ***Hutchison ex rel. Hutchison v. Luddy***, 946 A.2d 744, 749-50 (Pa. Super. 2008) (citations omitted). The relevant statute governing post-judgment interest provides as follows:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa.C.S. § 8101.

Here, in determining that post-judgment interest is payable from October 30, 2020, the trial court noted that, although ***Richards II*** upheld the hourly rate approved by the former trial judge in the case, the two fee awards

were vacated in their entireties. Order, 12/17/20, at 1 (unnumbered page). Thus, it concluded that "[t]here was no predicate award remaining from which to award interest from a prior date." Rule 1925(a) Opinion, 2/18/21, at 5. In support, it cited to **Krosnar v. Schmidt Krosnar McNaughton Garrett Co.**, 423 A.2d 370 (Pa. Super. 1980), where this Court denied post-judgment interest because, upon vacating an award and remanding the case for further proceedings, we discerned that "no predicate award is present on which to base interest." **See id.** at 379; **see also** Order, 12/17/20, at 1 (unnumbered page).

> Appellants attempt to distinguish **Krosnar**, arguing:
>
> The trial court's reliance upon **Krosnar** is misplaced since the decision to vacate the award and remand in **Krosnar** was because the trial court's findings lacked factual support. [In **Krosnar**, t]his Court found that the trial court[] committed reversible error on a substantive question regarding the merits of the claim, *i.e.*[,] facts did not exist to support the trial court's finding on the final distribution of assets. As a result, the entire award by the trial court was vacated with directions to the trial court to make "… further findings [of fact] and proceedings [*sic*] relevant to the distribution of the assets…[.]"
>
> Accordingly, this Court's decision in **Krosn[a]r** does not control the issue presented in this appeal related to the modification of an award of attorneys['] fees, since here this Court determined that sufficient findings were made by the original trial court supporting the entitlement of the award of fees, and affirmed the entitlement to the award of fees.

Appellants' Brief at 67-68 (internal citations omitted; some brackets added).

We are unconvinced by Appellants' argument. While the **Richards II** Panel concluded that the record supported the trial court's finding that Appellants' counsel's hourly rates were reasonable, it nonetheless vacated the

February 13, 2018 and March 20, 2018 orders granting Appellants' second and third fee petitions. *See Richards II*, 217 A.3d at 859 ("The orders awarding appellate and post-appeal attorney[s'] fees are vacated, and the case is remanded for further proceedings consistent herewith."); *id.* at 872 ("[W]e vacate the orders awarding attorney[s'] fees based on the second and third fee petitions, and remand for reconsideration of those fees in light of the foregoing."); *id.* at 873 ("We affirm Appellant[s'] entitlement to appellate attorney[s'] fees at the rates charged, but vacate the February 13, 2018 and March 20, 2018 orders granting Appellants' second and third fee petitions…."); *id.* ("Orders regarding attorney[s'] fees vacated."). Thus, at the conclusion of *Richards II*, there was no longer a fee award in existence, as the relevant orders awarding fees had been vacated. We therefore cannot agree with Appellants that the *Richards II* Panel merely intended for the trial court to 'modify' or 'correct' the fee awards, making the situation distinct from the circumstances in *Krosnar*. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2021

- 20 -